NEWTON RUBBER WORKS *vs.* WILLIAM B. DE LAS CASAS
& others.

Middlesex.     December 1, 1902. — January 7, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & LORING, JJ.

*Equity Pleading and Practice,* Costs, Master's report.

In contemplation of law the taxable costs prescribed by the Legislature are full indemnity for the expenses of a suit.

A finding made by a master at the request of one party to a suit and prejudicial to the interests of the other party, but not material to any issue involved in the suit, is ground for sustaining an exception to the master's report.

LORING, J.   This is a bill in which the plaintiff corporation sought to have a dam taken down which had been erected by the defendants so as to divert all the waters of Charles River from the east branch of it below Boylston Street in Newton. The case is here on the appeal of the plaintiff from a decree of the Superior Court sustaining an exception taken by the defendants and overruling an exception taken by the plaintiff to the final report of the master.

The master found that the waters of the Charles River had been wrongfully diverted from the east branch, and by the decree the defendants are directed to " remove the dam at the opening of the east branch, if it still exists, and all other obstructions within the limits of the ownership of said Commonwealth which would prevent the free and natural flow of water down said east branch."

The finding of the master which was excepted to by the defendants and held by the Superior Court to be erroneous, was as follows: " I find and report, as in my original report, that the amount of damage which the petitioner has sustained to its property as such on account of the filling in of said east branch by the respondents is one dollar, and I also find that it is entitled to recover as damages from the respondents all sums which it has expended in maintaining its rights as against these respondents, and it is agreed by the parties that that amount is one thousand three hundred and forty-one and three hundredths (1,341.03) dollars, and I add that to the first amount named, making the sum of one thousand three hundred and forty-two and three hundredths (1,342.03) dollars.  I do not do this upon the theory of a taxation of costs in any sense, but I do it upon the ground that the respondents have wrongfully injured the petitioner, and that a decree requiring the respondents to restore the property to the same condition physically as it was at the time of said wrongful act does not compensate the petitioner for the injury and damage it has received on account of that act, but that in equity the petitioner should receive such a sum of money as damages as would restore it to the same condition financially as it would have been if the respondents had not committed the tortious act."

The exception to this finding was rightly sustained.   No case

has been cited by the plaintiff in support of this contention, but it seeks to maintain it by an argument that if it had removed the dam as it had a right to do, it could have recovered the cost of so doing, and it follows that if the plaintiff corporation elect to bring an action to have it removed they can recover the expense thereof. But the cost of removing the dam is put on the defendants by the decree made in this suit, and nothing is better settled than the proposition that the taxable costs prescribed by the Legislature are in contemplation of law full indemnity for the expenses of the suit. *Henry* v. *Davis*, 123 Mass. 345. *Barnard* v. *Poor*, 21 Pick. 378, 382. *Faneuil Hall Ins. Co.* v. *Liverpool & London & Globe Ins. Co.* 153 Mass. 63, 73.

The other exception is to a finding by the master made at the request of the defendants: " Fact 35. That the petitioner would have no right to flood the land of the Commonwealth south of Boylston Street which the Commonwealth held by eminent domain."

The plaintiff contends that this fact was not material to any fact in issue in this suit. The defendants have not shown how it was material, and so far as we can see it is not material. The plaintiff is entitled not to be embarrassed by a finding prejudicial to its interests which is not material to any issue involved in the suit and was made because the defendants asked the master to make it. On that ground this exception is sustained.

*In overruling the thirty-fifth finding, the decree is set aside ; otherwise, it is affirmed.*

*C. C. Read & G. L. Clarke*, for the plaintiff, submitted a brief.

*A. W. De Goosh*, Assistant Attorney General, for the defendants.