PETER A. GIUGGIO *vs.* ILARIO PAOLI & another.

Essex.    December 11, 1922. — March 2, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Tenant in Common.*

One tenant in common of real estate using and occupying a part of it without an express agreement to pay for such use and occupation and without excluding his cotenant from the property or preventing him from occupying it, cannot be required to pay rent therefor to the cotenant.

PETITION, filed in the Probate Court for the county of Essex on July 16, 1921, for an accounting as between tenants in common of real estate.

The petition was heard by *Dow,* J. Material facts found by him are described in the opinion. By his order a decree was entered directing each of the respondents who were tenants in common with the petitioner to pay to him the sum of $92.39. The respondents appealed.

The case was submitted on briefs.

*E. J. Carney,* for the respondents.

*M. L. Sullivan & M. J. Reardon,* for the petitioner.

PIERCE, J. This is an appeal of the respondents from a decree of the Probate Court for the county of Essex on the petition of Peter A. Giuggio for an accounting with the respondents as cotenants under the provisions of G. L. c. 241, § 25.

At the request of the respondents the judge made a report of findings of fact. From these facts it appears that the respondents

on May 1, 1921, filed a petition for partition of certain land in Salem; that the petitioner in the petition for an accounting was the other tenant in common of said land; that on June 6, 1921, a decree was made ordering a partition among the petitioners in the petition for partition (who are husband and wife) and the respondent, petitioner herein; that a commissioner was appointed to make said partition and a warrant therefore issued to him to sell the said land for $10,000 for the purpose of making said partition; that said land was sold on June 29, 1921.

The judge found that Giuggio originally owned the land described in the petition for partition, and erected a brick building thereon containing a store and three tenements; that in July, 1916, he conveyed an undivided half of said property to the respondent Ilario Paoli; that some time later Paoli married and conveyed to his wife one undivided fourth of said property; that Giuggio occupied one tenement in said building from the time the building was erected to March 21, 1921; that on February 1, 1919, Paoli and his wife moved into a tenement in said building and continued to occupy it until the property was sold by the commissioner; that Giuggio also occupied the store in 1919 for a short time; that when Paoli and his wife moved into the building it was agreed between the parties that Paoli and Giuggio should each pay $18 a month for the use of the tenements they respectively occupied; that there was no agreement that Giuggio should pay rent for the tenement occupied by him prior to February 1, 1919; that there was no evidence that Giuggio excluded Paoli and his wife from the property or prevented them from occupying it during the period before February 1, 1919, if they had wished to do so; that from the time that Giuggio and Paoli became tenants in common down to the sale of the property by the commissioner, Giuggio managed the property and collected the rents and paid most of the bills; that between July, 1916, and February 1, 1919, although there was no agreement that he should pay rent, Giuggio testified that he charged himself with $18 a month for the tenement he occupied and $20 a month for the store which he occupied for nine months in 1919; and that he used the money so charged to pay bills upon said property.

The respondents claimed that in the accounting Giuggio must be charged with rent at the above stated prices for the use of his

tenement and the store prior to February 1, 1919. The judge found there was no express agreement to pay rent, and ruled that in the absence of any express agreement by Giuggio to pay rent, he cannot be charged for said use of tenement and store. The ruling clearly was right. If a tenant has not hindered his cotenant from entry upon the premises and thereby deprived him of his right, the bare occupation of the premises without an express agreement will not entitle the cotenant to call the occupying tenant to an account or render him liable to an action for the use and occupation of the premises. *Badger* v. *Holmes,* 6 Gray, 118. *Peck* v. *Carpenter,* 7 Gray, 283. *Brown* v. *Wellington,* 106 Mass. 318. *Kirchgassner* v. *Rodick,* 170 Mass. 543. *Carroll* v. *Carroll,* 188 Mass. 558. *Brown* v. *Brown,* 209 Mass. 388, 395.

*Decree affirmed.*