BURTON H. WIGGIN *vs.* NATIONAL FIRE INSURANCE
COMPANY OF HARTFORD.

Middlesex.    December 11, 1929. — March 24, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Insurance,* Reference: compensation and expenses of third referee. *Reference and Referee. Certiorari. Equity Pleading and Practice,* Costs. *Words,* "Expenses."

The liability of a fire insurance company under G. L. c. 175, § 100, as amended by St. 1924, c. 406, § 8, for one half of the compensation and expenses of a third referee appointed under that statute to determine the amount of a loss after a fire on premises insured by the company, is confined to compensation earned and expense incurred by the referee while participating in the determination of the loss under the reference; such liability does not extend to compensation for time and effort spent by the referee and to expense incurred by him for counsel fees in the defence of a suit in equity brought by the company for his removal as such referee.

It *was stated* that, the referee in the circumstances above described having defended the suit in equity successfully, he was deemed to have been fully compensated for such expense by the costs awarded to him in the suit.

It *was stated* that, since G. L. c. 175, § 100, as amended by St. 1924, c. 406, § 8, makes an award by the insurance commissioner of compensation and expenses to a third referee final, without providing for an appeal therefrom, the referee's only remedy thereafter is by way of certiorari.

CONTRACT for one half of the plaintiff's compensation and expenses as third referee, appointed under G. L. c. 175, § 100, as amended by St. 1924, c. 406, § 8, to determine a loss after a fire on premises insured by the defendant. Writ in the District Court of Lowell dated August 2, 1929.

Upon removal to the Superior Court, the defendant demurred. The plaintiff's declaration, as amended, is described in the opinion. The demurrer was sustained by order of *Greenhalge*, J., who thereupon reported the action for determination by this court under a stipulation that, if his order was correct, judgment should be entered for the defendant; otherwise the action should stand for trial.

*A. S. Howard*, for the plaintiff.

*G. B. Rowell*, for the defendant.

WAIT, J. The plaintiff was third referee appointed by the insurance commissioner, pursuant to G. L. c. 175, § 100, as amended by St. 1924, c. 406, § 8, to determine the amount of loss after a fire on premises insured by the defendant. The statute provides that forthwith upon the publication of the award, such third referee shall furnish the company and the insured with a written statement of his claim for compensation and expenses; makes the company and the insured each liable for one half the compensation and expenses; and requires that the company shall withhold from the amount of the award one half "the compensation as demanded, or, in case of a review, as approved by commissioner, and one half of the expenses, of the third referee," and upon payment of the balance of the award that it shall pay to the referee "the full amount of the compensation to which he is entitled and his expenses." It further provides that a company or insured objecting to the compensation demanded may file a petition to review the compensation with the commissioner, who shall "approve or disapprove in whole or in part such compensation, and his

decision in respect thereto shall be final and conclusive upon the parties."

The declaration sets out the appointment, the publication of an award, the presentation of a claim for compensation in $825 and expenses amounting to $1,061.75, a petition for review by the company, hearing by the commissioner, and an award of $550, as compensation only. It further sets out a copy of the bill and of the plaintiff's answer in a proceeding, *National Fire Ins. Co.* v. *Goggin*, 267 Mass. 430, instituted to prevent an award by the referees and to procure the removal of the plaintiff as third referee, which, after a hearing in the Superior Court and appeal to this court, had been dismissed with costs to the defendants therein. It alleged that the costs awarded had been received; that $275 of the compensation claimed was for attending upon hearings on said cause and conferences with his attorneys; and that all the expense claimed was money paid out for the reasonable legal services and expenses of his attorneys in defence of that cause. It admitted receipt of one half the compensation allowed by the commissioner; but charged that the defendant owed the plaintiff one half the $275 disallowed as compensation, and one half the $1,061.75 claimed as expenses. The Superior Court sustained a demurrer; and the case is before us upon a report with a stipulation that if the order sustaining the demurrer was right judgment is to enter for the defendant, otherwise the action is to stand for trial.

The statute makes the finding of the commissioner final and conclusive on the award of compensation. No appeal therefrom is provided for. The only remedy of the plaintiff is by certiorari in such a case. See *Bradley* v. *Zoning Adjustment Board of Boston*, 255 Mass. 160, 163. The plaintiff contends that the statute is broad enough to include within the "expenses" of the referee which it requires to be paid such charges as here are made. "The word 'expenses,' although broad enough to include counsel fees, is of varying significance, dependent upon the connection in which it is used. . . . The meaning of the word must be

determined in the light of the end to be attained by the statute in which it occurs." *Burrage* v. *County of Bristol*, 210 Mass. 299, 300–301. The earliest statutory provision for the payment of the third referee in insurance cases was made by St. 1896, c. 137, which enacted that, when a third referee was appointed by the insurance commissioner, the insuring company or companies should withhold from the award rendered "one half of the compensation and expenses of said referee, and the said company or companies shall thereupon be obligated to pay to the said referee the full amount of the expenses for such reference." The words "for such reference" have disappeared from the subsequent codifications and amendments of the statute (R. L. c. 118, § 60; St. 1911, c. 406; G. L. c. 175, § 100; St. 1923, c. 152; St. 1924, c. 406, § 8; St. 1927, c. 285) but the purpose to confine the expenses allowed to expense incurred in the reference is manifest. The expenditures here claimed were not incurred in fixing the amount of the loss; but in defending the right to act as referee and the course of action pursued while so acting. Although they are connected with the reference in that the occasion for them would not have arisen had there been no reference, they are entirely aside from attendance upon hearings or participation in acts directed to the ascertainment of the loss by fire. They are not within any definition of expense of reference, laid down in any decision called to our attention or of which we are aware. Moreover they are expenses of a successful litigant in another proceeding, such as are usually deemed fully compensated for by the costs awarded in that proceeding. *Newton Rubber Works* v. *De las Casas*, 182 Mass. 436. *Faneuil Hall Ins. Co.* v. *Liverpool & London & Globe Ins. Co.* 153 Mass. 63, 72, 73. *Rowland* v. *Maddock*, 183 Mass. 360. *McIntire* v. *Mower*, 204 Mass. 233. In *Stiles* v. *Municipal Council of Lowell*, 233 Mass. 174, the costs allowed seem to have been treated like expense made necessary by a tortious act. *Berry* v. *Ingalls*, 199 Mass. 77. There was nothing tortious in bringing the bill in equity referred to. It is not necessary to discuss the law

permitting the recovery of counsel fees as damages. See *Burrage* v. *County of Bristol, supra. Sears* v. *Nahant,* 215 Mass. 234, 239.

Here, as in *Marshall Fishing Co.* v. *Hadley Falls Co.* 5 Cush. 602, the court cannot suppose that the Legislature intended such payments to be expenses of a reference. Still less can we believe that compensation for giving attention to litigation relating to another subject matter could have been contemplated as compensation for serving as referee to award a loss by fire.

The demurrer was sustained properly. In accord with the report there must be

*Judgment for the defendant.*