MARGARET MACDONALD & others *vs.* JAMES H. GOUGH.

Middlesex.    November 8, 1949. — June 6, 1950.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Agency*, Scope of authority or employment, Power of attorney, Termination of agency. *Equity Jurisdiction*, Specific performance. *Executor and Administrator*, Who may be administrator.

A sealed power of attorney, whereby one of the heirs of an intestate appointed another heir agent "to negotiate with" a claimant against the estate and "to settle" his claim, and agreed to "approve any settlement made by" the agent for the principal's benefit, gave the agent irrevocable authority to sign the principal's name to, and thereby to bind him by, a contract of settlement with the claimant, beneficial to the principal, and an indenture of trust contemplated by such contract.

A contract entered into by the heirs of an intestate and one asserting a claim against the estate as his widow, setting forth the terms of a settlement of such claim and providing that one of the heirs should be administrator, and an indenture of trust contemplated by such settlement, were specifically enforceable in equity.

In a suit in equity brought by one of the heirs of an intestate against another heir after they had made a contract providing that the plaintiff should be administrator of the intestate's estate, the defendant should be enjoined from proceeding with a petition seeking his own appointment as administrator and from contesting a petition by the plaintiff for appointment as such.

BILL IN EQUITY, filed in the Superior Court on November 22, 1948.

The prayers of the bill were as follows: "1. That the defendant be restrained from and ordered not to proceed further on the petition for administration now pending in the Essex County Probate Court, until further order of this court. 2. That the defendant be ordered to withdraw his objections to the proceedings on the petition for administration pending in the Middlesex County Probate Court. 3. That the defendant be ordered to carry out the terms of the agreement entered into with the plaintiffs, dated August 18, 1948. 4. That the defendant be ordered to perform and comply with the terms of the said trust indenture. 5. And for such other and further relief as may seem meet and proper to this honorable court."

The suit was heard by *Morton*, J.

*W. E. Sisk, R. L. Sisk, & R. F. Albert*, for the plaintiffs, submitted a brief.

No argument nor brief for the defendant.

WILLIAMS, J. This is a bill in equity principally to obtain specific performance of the provisions of a written contract dated August 18, 1948, and an indenture of trust of the same date. There is a report of material facts, and a report of the evidence. The case is here on an appeal by the plaintiffs Luke L. Goff and Margaret MacDonald from a final decree dismissing the bill.

One Martin G. Gough died intestate on July 27, 1948, leaving an estate to be administered. Surviving him were three brothers, of whom two, Luke and Frank, are plaintiffs, and the third, James, is the defendant. Also surviving is the plaintiff Margaret MacDonald, otherwise known as Margaret M. Gough, with whom the decedent had lived in the relationship of husband and wife for some twenty-five years until the time of his death. The brothers of Martin questioned whether Margaret MacDonald was the widow of Martin, and were concerned over her supposed possession of assets belonging to the estate of their deceased brother. In consequence thereof they executed the following written agreement: "Agreement made this 16th day of August, nineteen hundred and forty-eight between Luke L. Goff,

party of the first part and Frank J. Gough and James H. Gough, parties of the second part. In consideration of the covenants hereinafter set forth the parties hereto agree as follows: 1. The party of the first part to negotiate with Margaret MacDonald of Saugus, Massachusetts to settle any claim that she has or may have against the estate of Martin G. Gough, deceased, brother of the parties hereto, and to act as administrator of said estate, and as trustee of a proposed trust for the benefit of said Margaret MacDonald. 2. The parties of the second part hereby appoint Luke L. Goff to negotiate with said Margaret MacDonald to settle any rights she may have in the estate of Martin G. Gough, and agree that we will approve any settlement made by him for our benefit. In Witness Whereof the parties hereunto set their hands and seals on the day first above written. Luke L. Goff    James H. Gough    Frank J. Gough."

Luke thereupon negotiated a settlement with Margaret whereby it was provided that she would deliver to the estate of Martin certain property then in her possession, would relinquish all claims against the estate, and would accept $195 monthly for the period of her life to be paid by Luke who was to become trustee under a trust established with the assets of Martin's estate. Two instruments were prepared, one a contract setting forth the agreement with Margaret and one an indenture of trust following in its terms the provisions of the contract. Both instruments were dated August 18, 1948. The contract was signed and sealed by Luke, Frank and Margaret. The indenture was signed and sealed by Luke, Frank and Margaret. James did not sign either instrument. Luke, at some later time, signed both instruments as attorney for James. On or about August 23, 1948, Luke's attorney received the following letter from the attorney of James: "You are hereby notified that my client, James H. Gough of Medford, hereby revokes the power of attorney dated August 16, 1948, given to his brother Luke L. Goff to make an agreement with Margaret MacDonald of Saugus, Massachusetts, and he also revokes his consent to have Luke L. Goff act as administrator of the

above mentioned estate. I have filed my appearance in both Essex and Middlesex counties in the event that a petition for administration is filed in either county. I shall be glad to coöperate with you at any time in an attempt to settle this matter amicably."

At some time, not shown by the record, Luke filed a petition for the administration of the estate of Martin G. Gough in the Probate Court for Middlesex County. The allowance of this petition was assented to by Frank. James filed a similar petition in the Probate Court for Essex County and filed his appearance in the Probate Court for Middlesex County objecting to the allowance of the petition filed by Luke.

The plaintiffs' bill contains prayers to enjoin James from prosecuting his petition and from pursuing his objections to Luke's petition.

All questions of law, fact, and discretion are open to us for decision, *Lowell Bar Association* v. *Loeb*, 315 Mass. 176, 178, giving due weight to the findings of the trial judge which depend on oral evidence. *Yurkanis* v. *Yurkanis*, 321 Mass. 375, 377. The judge found "as a fact" and ruled "as a matter of law" that the agreement of August 16, 1948, "did not amount to a power of attorney to Luke to execute any written instrument by signing his name thereto as such attorney of either Frank or James."

There appears to be no obscurity or ambiguity in the language of this instrument. See *Glackin* v. *Bennett*, 226 Mass. 316. The defendant has made no contention that the settlement effected by Luke was not for his, the defendant's, benefit. "To ascertain and effectuate the intent of the parties as manifested by the words used and the object to be accomplished is the goal of all interpretations of written agreements." *Marcelle, Inc.* v. *Sol. & S. Marcus Co.* 274 Mass. 469, 473. *Bray* v. *Hickman*, 263 Mass. 409, 412. *Lovell* v. *Commonwealth Thread Co. Inc.* 272 Mass. 138, 140–141. As was said in *Malaguti* v. *Rosen*, 262 Mass. 555, 561, "The rule of construction illustrated by *Wood* v. *Goodridge*, 6 Cush. 117, *Hoyt* v. *Jaques*, 129 Mass. 286,

*Williams* v. *Dugan*, 217 Mass. 526, to the effect that a power of attorney must be strictly interpreted, does not go to the extent of destroying the purpose of the power." In that case it was held that authority to borrow money included the authority to execute a promissory note in the principal's name for a loan, or to give the lender the ordinary security therefor, including bonds, notes or acceptances and collaterals. "Unless otherwise agreed, authority to conduct a transaction includes authority to do acts which are incidental to it, usually accompany it, or are reasonably necessary to accomplish it." Restatement: Agency, § 35. *Beit Bros. Inc.* v. *Irving Tanning Co.* 315 Mass. 561, 566. *Sprague* v. *Gillett*, 9 Met. 91, 92. In cases arising under policies of liability insurance where the insurer is given the right or privilege of settlement, wide discretionary power as to terms of settlement is held to be vested in the insurer. *Abrams* v. *Factory Mutual Liability Ins. Co.* 298 Mass. 141, 145. *Hayes* v. *Gessner*, 315 Mass. 366.

Here the authority to negotiate and settle must be held to include authority to procure the execution of such written instruments as would ordinarily be required to have the settlement recorded in definite and final form. Clearly a written agreement signed by the parties was advisable, and since the decedent's property included real estate, a written instrument of trust was necessary to carry out that part of the agreement which provided that Luke should become trustee of a "proposed trust."

It is found by the judge that Luke had effected a settlement with Margaret MacDonald on the terms stated in the two documents dated August 18, 1948. This settlement was effected under the power granted to Luke by the terms of the contract of August 16. The power was given to facilitate the performance and effectuate the objects of that contract and to protect the interests of the parties in its subject matter. Restatement: Agency, § 138, comment c; § 139. *State* v. *Pacific Waxed Paper Co.* 22 Wash. (2d) 844. The purpose of the contract was to protect the interests of

the three brothers as heirs at law and next of kin in the estate of their deceased brother by arranging a property settlement with the person claiming to be the widow of the decedent. The power therefore was a "power coupled with an interest," *Rollins* v. *Bay View Auto Parts Co.* 239 Mass. 414, 420, or, in the language of the Restatement: Agency, § 138, a "power given as security" and was irrevocable by James. *Hunt* v. *Rousmanier's Administrators,* 8 Wheat. 174. *Mulloney* v. *Black,* 244 Mass. 391. *Hayes* v. *Gessner,* 315 Mass. 366, 370. *Durbrow* v. *Eppens,* 36 Vroom, 10. *Hollingsworth* v. *Lederer,* 125 N. J. Eq. 193. *Chapman* v. *Bates,* 16 Dick. (N. J.) 658. *In re Hannan's Empress Gold Mining & Development Co.* [1896] 2 Ch. 643. *In re Consort Deep Level Gold Mines, Ltd.* [1897] 1 Ch. 575. See *Hess* v. *Rau,* 95 N. Y. 359; Mechem, Agency (2d ed.) § 578; Huffcut, Agency (2d ed.) § 72; Bowstead, Agency (6th ed.) art. 138; Wharton, Agency & Agents, § 95. On the refusal of James to sign the documents presented to him, Luke's power was of sufficient breadth to authorize him to sign as attorney for James. In our opinion the agreement and instrument of trust have been properly executed and James is bound by their terms. These instruments relate to and are part of an agreement for settlement of the estate of a deceased person which equity will enforce. *Leach* v. *Fobes,* 11 Gray, 506, 509. *Prout* v. *Pittsfield Fire District,* 154 Mass. 450. *Blount* v. *Wheeler,* 199 Mass. 330. *Capen* v. *Capen,* 234 Mass. 355. *Mulligan* v. *McDonagh,* 307 Mass. 464, 467–468.

It is provided by the agreement of August 16 that Luke shall act as administrator of Martin's estate. A similar provision is inserted in the agreement of August 18. Luke has petitioned to be appointed administrator in the Probate Court for Middlesex County. By his contract James has impliedly agreed not to contest the allowance of Luke's petition. He himself has no right as against his brothers and Margaret MacDonald to seek appointment as administrator.

The decree of the Superior Court is reversed and a decree

is to be entered in accordance with the prayers of the plaintiffs' bill, with a provision that the plaintiffs be awarded their costs. The defendant's counterclaim, in support of which no evidence was offered, is to be dismissed.

*So ordered.*