FRANK J. GOUGH *vs.* JAMES H. GOUGH & others.

Essex. November 7, 1952. — January 6, 1953.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Trust*, Time of taking effect, Of real estate. *Tenants in Common. Real Property*, Tenancy in common. *Volunteer. Payment.*

An indenture of trust executed by the heirs of an intestate purporting to convey to the trustee certain real estate and other property formerly owned by the intestate was effective immediately upon delivery as to such real estate although a contemporaneous contract also executed by the heirs provided that they "agree[d] to . . . transfer [to the trustee] the net assets of . . . [the intestate's] estate as soon as . . . administration has been completed" and it appeared that administration of the estate had not been completed.

The heirs of an intestate, by conveying real estate formerly owned by him

to a trustee to be held for the benefit of a third person during her life and at her death to be transferred back to themselves, ceased to be tenants in common of the real estate.

One having a remainder interest in real estate held in trust, who, while in sole possession of the real estate rent free, paid taxes and other expenses thereof without the request, consent or knowledge of the other persons interested therein was a mere volunteer in making such payments and was not entitled to reimbursement for them.

PETITION, filed in the Probate Court for the county of Essex on February 6, 1952.

The case was heard by *Phelan*, J.

In this court the case was submitted on briefs.

*Daniel Santry & James W. Santry, Jr.*, for the petitioner.

*J. Haller Ramsey*, for the respondent Luke L. Goff.

LUMMUS, J. This is a petition to the Probate Court of Essex County in which James H. Gough, Luke L. Goff, and Samuel H. Malinow are named as respondents. The petitioner alleges that he and the respondents James and Luke, his brothers (the three being the only heirs of the late Martin G. Gough, who died intestate on July 27, 1948), are tenants in common of real estate in Saugus, and that he has paid taxes, water bills and other expenses on the common property, for which he should be reimbursed by Mr. Malinow as receiver of said real estate. The Probate Court dismissed the petition on the ground that there has been no tenancy in common since August 18, 1948. The petitioner appealed.

This is the latest of a series of controversies arising out of the intestate estate of the late Martin G. Gough. *MacDonald* v. *Gough*, 326 Mass. 93. *MacDonald* v. *Gough*, 327 Mass. 739. *MacDonald* v. *Goff, ante*, 220.

The judge found that about November 1, 1948, the petitioner moved into the house in Saugus formerly owned by Martin, and has lived there ever since, paying no rent, and has spent on the real estate the sums, amounting to $913.54, stated in his petition. On August 18, 1948, the petitioner and his two brothers by an indenture of trust purported to convey the real estate in question and other property to Luke as trustee to pay a sum every month to Margaret Mac-Donald for life, and at her death to transfer the remainder

of the trust property to the three brothers. The judge found that the three brothers are not tenants in common.

The petitioner points out that a contract also dated August 18, 1948, contained a provision that "the parties of the first part [the three brothers of Martin] agree to transfer, assign and convey the net assets of said estate [of Martin] as soon as said administration has been completed" to Luke L. Goff in trust. The petitioner argues that thereby the trust instrument was not to take effect as an immediate conveyance, but only on the completion of the administration, and consequently that the parties did not cease to be tenants in common at any time because the administration has not yet been completed.

But the present petition relates wholly to realty which descended at once upon the death of Martin to his three brothers as his heirs. There would be no reason for postponing the conveyance of the real estate to the trustee until the administration of the personal estate should be completed. As to the real estate, we think that the trust took effect as soon as the trust instrument was executed and delivered on August 18, 1948. That instrument was not based on any decree of court. Therefore no recording of any copy of a decree was necessary to pass title under G. L. (Ter. Ed.) c. 183, §§ 43, 44, as amended by St. 1937, c. 101, §§ 1, 2.

When the petitioner made the payments in question, he was enjoying the sole possession of the real estate, and was the primary beneficiary of the payments. There is no suggestion that his brothers requested or consented to the payments or even had knowledge of them. In making the payments the petitioner was a volunteer, and cannot impose any obligation upon the real estate or upon the respondents. *Massachusetts Mutual Life Ins. Co.* v. *Green,* 185 Mass. 306. *Newell* v. *Hadley,* 206 Mass. 335, 342. *Blair* v. *Claflin,* 310 Mass. 186, 191. The case is not like one of a payment by one tenant in common, who is entitled in some form to contribution by his cotenants. *Fiske* v. *Quint,* 274 Mass. 169, 173–174, and cases cited. We think that there was no error in the decree dismissing the petition.     *Decree affirmed.*