LUKE L. GOFF, trustee and individually, *vs.* MARGARET
MACDONALD & others.

Middlesex.    November 1, 3, 1954. — September 29, 1955.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Damages*, Expenses of prior litigation. *Equity Pleading and Practice*,
Costs. *Practice, Civil*, Costs. *Actionable Tort. Evidence*, Opinion:
expert. *Witness*, Expert witness. *Landlord and Tenant*, Existence of
relation, Tenancy at will. *Proximate Cause*.

In a suit in equity by one of the heirs of an intestate as an individual and
as trustee under an indenture of trust of the intestate's net assets
executed by all the heirs against the other heirs and a woman whose
claims against the intestate's estate had been compromised by a pro-
vision for her benefit in the trust, to recover damages on account of
the bringing by the defendants of various previous court proceedings
arising out of the settlement of the intestate's estate, there was no
error in a ruling by the trial judge that the plaintiff was not entitled
to recover individually or as trustee except for nominal damages with
respect to one of the previous proceedings, where it appeared that the
plaintiff had been successful in all the previous proceedings and costs
had been awarded therein to the prevailing parties and that, except
for such one proceeding, respecting which the judge found that the
plaintiff had sustained no actual damage, none of the previous pro-
ceedings constituted a legal wrong. [149–151]

No error appeared in a finding by a trial judge that one who was trustee
of and had a remainder interest in an inter vivos trust owning an apart-
ment house was not qualified to express his opinion as to the rental
value of an apartment therein. [152]

Respecting real estate owned by an intestate at the time of his death and
subsequently held by this court to have been conveyed by his heirs
to a trustee by an indenture of trust executed by them, a finding, that
no rent was due to the trustee from one of the heirs who after the
making of the indenture occupied the premises without an express

agreement with the trustee and in the belief, shared by the other heirs but later shown by such decision to have been mistaken, that he was occupying as a tenant in common with them, could not be pronounced plainly wrong as to his occupancy up to the time of such decision; but thereafter he occupied as a tenant at will under an implied agreement and was liable to the trustee for rent. [152–153]

A claim in a suit in equity brought by one of the heirs of an intestate against another heir, that the defendant was liable to the plaintiff for substantial damages for breach by the defendant of an agreement that the plaintiff should be appointed administrator of the intestate's estate was without merit where the plaintiff did not show that the breach by the defendant through filing an unsuccessful petition for his own appointment as administrator was the proximate cause of a failure of the Probate Court to appoint the plaintiff as administrator. [153]

BILL IN EQUITY, filed in the Superior Court on September 3, 1952.

The suit was heard by *Rome,* J.

*J. Haller Ramsey,* for Luke L. Goff.

*Daniel Santry,* for the defendant Frank J. Gough.

*Ralph F. Albert,* for the defendant Margaret MacDonald.

RONAN, J. This is an appeal from a final decree in a suit brought by Luke L. Goff (hereinafter called the plaintiff), as trustee of the estate of Martin G. Gough and as an individual, against Margaret MacDonald, Frank J. Gough, and James H. Gough for an accounting to the trust estate and for damages alleged to have been sustained by him individually by reason of certain conduct on their part described in the bill.

This is another step in the protracted litigation arising out of the settlement of this estate. Besides various proceedings in the Probate Court for Middlesex County and in the Probate Court for Essex County and an action at law in the Superior Court in Essex County, none of which reached this court, settlement of this estate has already been before this court on four previous occasions. See *MacDonald* v. *Gough,* 326 Mass. 93; *S. C.* 327 Mass. 739; *MacDonald* v. *Goff,* 329 Mass. 220; *Gough* v. *Gough,* 329 Mass. 634. A brief summary of this litigation will be useful in understanding the background of the present suit. The intestate died on July 27, 1948, leaving as his heirs three brothers,

Luke, James, and Frank. He had lived with Margaret MacDonald as husband and wife for many years before his death, and the question arose whether there was any marital relation. He had made investments for her and it was uncertain what claims she might have against his estate and the extent of those claims. On August 16, 1948, Frank and James gave Luke a power of attorney to adjust the claims of MacDonald, and on August 18, 1948, Luke and Frank executed an agreement of compromise with her whereby Luke was to administer the estate; the brothers were to turn over all the net assets of the estate to Luke as trustee to pay her $195 a month during her life and at her death to distribute the balance equally among the three brothers or their heirs; and she was to waive all her claims against the estate except for certain shares of stock. Luke agreed to act as administrator and trustee. On the last mentioned date Luke and Frank executed an indenture of trust to enable the terms of the compromise to be performed. James refused to sign either the compromise agreement or the indenture and both of these instruments were executed by Luke in the name of James under the power of attorney which James had given him.

On November 22, 1948, MacDonald joined with Luke and Frank in filing a bill against James to compel specific performance by James of the compromise agreement and the indenture of trust which he had refused to sign. After the rescript which came down on June 6, 1950, *MacDonald* v. *Gough*, 326 Mass. 93, the bill was amended to include Mr. Malinow, who had been appointed administrator on March 25, 1949, and a second rescript went down in that case on October 1, 1951, ordering the administrator upon the settling of the estate to distribute the net estate to Luke as trustee for the benefit of those named in the indenture of August 18, 1948. *MacDonald* v. *Gough*, 327 Mass. 739. James as a result of this litigation was enjoined from proceeding with a petition he had filed in the Essex Probate Court for appointment as an administrator. MacDonald had brought an action at law to recover for services ren-

dered and money lent to the intestate. She had also brought a petition for distribution in the Essex Probate Court. The action at law was discontinued shortly after the decision in *MacDonald* v. *Gough*, 327 Mass. 739 and the petition for distribution was dismissed. Mr. Malinow, who had been appointed receiver on September 20, 1949, to collect the rents and who had been appointed administrator on March 25, 1949, filed his accounts in the Probate Court for Essex County after the decision in 327 Mass. 739 and turned over the assets in his hands to Luke as trustee.

On June 21, 1950, MacDonald brought a bill against the heirs and the administrator to establish her rights in certain real estate and personal property. This controversy narrowed down to the ownership of two bank accounts. Luke and Mr. Malinow, the administrator, appealed from a final decree in the Superior Court adjudging that one account belonged to Luke and the other to MacDonald. We reversed that decree, holding that the second bank deposit belonged to the administrator for the reason that by the compromise agreement of August 18, 1948, MacDonald had waived all her rights and claims in the estate. See *Mac-Donald* v. *Goff*, 329 Mass. 220.

Frank, who had occupied a cottage belonging to the estate, brought on February 6, 1952, a petition against his two brothers and Mr. Malinow as receiver for contribution for certain expenses he had incurred, such as taxes and water bills, on the ground that the property was held by the three brothers as tenants in common. This court decided that Luke as trustee became the owner of this real estate upon the execution and the delivery of the instrument of trust on August 18, 1948, and affirmed a dismissal of the petition by its rescript of January 6, 1953. *Gough* v. *Gough*, 329 Mass. 634.

With the history of this prolonged litigation we come now to the instant suit.

The plaintiff contends that there was error in the ruling that he was not entitled to recover individually or as trustee for the damages incurred by him or the trust estate on ac-

count of the suits and actions brought by the defendants. The defendants were permitted to amend their answers by setting up res judicata as a defence respecting the different proceedings we have already mentioned which the plaintiff alleged caused expense to him and to the trust property. It is plain, however, that the defendants were using the term not in the sense that the plaintiff was bound by the judgments rendered in the previous cases but in the sense that, costs having been awarded to the prevailing parties, they were bound by the general rule that taxable costs are in contemplation of law full indemnity for counsel fees and disbursements incurred by the successful party in prosecuting an action at law or a suit in equity. The judge by his remarks indicated that he understood that the issue was whether the plaintiff was entitled to damages in addition to whatever costs had been awarded in the previous proceedings. *Ballou* v. *Farnum*, 11 Allen, 73, 77. *Faneuil Hall Ins. Co.* v. *Liverpool & London & Globe Ins. Co.* 153 Mass. 63, 72, 73. *Newton Rubber Works* v. *De las Casas*, 182 Mass. 436. *Rowland* v. *Maddock*, 183 Mass. 360. *McIntire* v. *Mower*, 204 Mass. 233. *Dahlstrom Metallic Door Co.* v. *Evatt Construction Co.* 256 Mass. 404, 417-418. Luke had been successful in all this previous litigation. There was nothing decided therein which was adverse to him and he cannot complain if he has been deprived of collecting in this suit damages in addition to taxable costs, if any, theretofore awarded to him. Luke, as trustee, for the first time has now become a litigant in matters involved in the administration of the trust. While judgments in suits in which he acted individually would not bind him when acting as trustee, *Forbes* v. *Douglass*, 175 Mass. 191; *McCarthy* v. *William H. Wood Lumber Co.* 219 Mass. 566; *Moore* v. *Mansfield*, 248 Mass. 210; Freeman on Judgments, § 418; Restatement: Judgments, § 80, he is not entitled to recover for alleged injuries to the trust fund on account of any prior litigation none of which was shown to constitute a legal wrong, *Wiggin* v. *National Fire Ins. Co.* 271 Mass. 34, 37, except the proceeding brought by James to have himself ap-

pointed administrator. The judge found that there was no evidence of any actual damages sustained by reason of this conduct of James. He found that James had committed a breach of contract and awarded nominal damages in the sum of $1 against him. The abbreviated record does not show that the judge was plainly wrong. The bringing of the various other proceedings by MacDonald, notably a petition for distribution and an action at law for services rendered and money lent to the intestate, and the petition of Frank for contribution of the expenses incurred by him in respect to the maintenance of the cottage in which he lived, were not tortious acts. It was not alleged that these defendants were acting otherwise than in good faith. MacDonald was certainly justified in bringing a petition for distribution as she had not been paid a dollar under a trust calling for monthly payments beginning September 18, 1948. She could not be expected to wait until the short statute of limitations had run and to lose all claims against the estate in the event that the final decision in the suit then pending should be that no trust was established.

There was no evidence that Frank was not acting honestly in believing that he and his two brothers were cotenants and that he was entitled to have them bear a part of the expenses incurred by him during the period alleged in his petition. In that case this court held that Luke as trustee became the owner of the real estate on August 18, 1948, *Gough* v. *Gough,* 329 Mass. 634, 636, and affirmed a decree dismissing the petition. Other than in the case of James applying for appointment of himself as administrator in which the plaintiff was awarded nominal damages, none of the other proceedings of which the plaintiff individually or as trustee now complains amounted to abuse of process, malicious prosecution, or some other similar wrong rather than proceedings reasonably calculated to achieve a lawful end by lawful means. The result is that the plaintiff fails to show that any prejudicial error was committed by the judge in ruling that the plaintiff was not entitled to damages on account of the bringing of these proceedings.

The plaintiff next contends that the judge erred in finding that the rental value of the apartment occupied by MacDonald since the death of the intestate was $40.08 a month and in refusing to permit Luke to give an opinion as to a fair and reasonable rental. It is not shown that the judge was plainly wrong in fixing the rent at the above figure. Neither was he wrong in finding that Luke was not qualified to express an opinion as to the rental value. The determination of his qualifications rested to a large extent in the discretion of the judge whose discretionary power does not appear to have been abused. *Murphy* v. *Chichetto*, 323 Mass. 11, 15. *Rubin* v. *Arlington*, 327 Mass. 382, 384–385.

The judge found that there was nothing due to the plaintiff trustee from Frank for his use and occupancy of the one family house in Saugus. There was no evidence as to the nature of his occupancy, nor that any rent was ever charged to him, nor what was the fair rental value thereof. The receiver did not collect any rent from him, and as far as the record goes the trustee never demanded any. None of the circumstances attending the moving in and the occupancy of the property by Frank is disclosed. That the latter evidently thought he was using the premises as one of the tenants in common tends to show the absence of any agreement that he was occupying the premises as a tenant of the trustee. The fair inference is that until it was decided on January 6, 1953, in *Gough* v. *Gough*, 329 Mass. 634, 636, that the trustee had had title to the real estate since August 18, 1948, the heirs regarded the occupancy of Frank as that of a tenant in common, and in the absence of an express agreement he was not liable for the rent. *Brown* v. *Brown*, 209 Mass. 388, 395. *Giuggio* v. *Paoli*, 244 Mass. 279, 281. We are not prepared to say that the judge was plainly wrong in finding that no rent was due from Frank, at least up to the time when it was decided that the latter was not holding as a tenant in common. Since that date we think that Frank was holding as a tenant at will under an implied agreement, *Lindsey* v. *Leighton*, 150 Mass. 285;

*Crowe* v. *Bixby,* 237 Mass. 249, and that he is accountable to the trustee for the rent subsequently accruing.

The plaintiff contends that he would have been appointed administrator if James had not filed his petition to have himself appointed, and that if Luke had been appointed the estate would have avoided the damages and expenses which it subsequently incurred and that he, Luke, would not have been deprived of the fees which he would have earned if he had been appointed. It was on the petition of James that Mr. Malinow was appointed. One difficulty with this claim in both of its aspects is that we do not know that Luke would have been appointed if James had not brought his petition. The power to make the appointment rested in the Probate Court and the failure of the judge to appoint Luke might well have been on the ground that it was not for the best interests of the estate to do so, especially in view of the controversy which was then pending involving the heirs and MacDonald. See *MacDonald* v. *Gough,* 326 Mass. 93. Luke has not shown that James's breach was the proximate cause of the failure of the judge of probate to appoint him as administrator. *Brown* v. *Cummings,* 7 Allen, 507, 509. *Jordan* v. *C. I. T. Corp.* 302 Mass. 281, 285. *Bilodeau* v. *Maffei,* 309 Mass. 237, 240. *Mezullo* v. *Maletz,* 331 Mass. 233, 237.

The remaining question relates to the accounting between the plaintiff as trustee and MacDonald. Mr. Malinow, who was appointed as receiver to collect the rents, never collected any rents from her for the apartment which she continued to occupy after the death of the intestate or from Frank for the occupancy of the house during the time he has resided there.

The accounting between the trustee and MacDonald set forth in the second paragraph of the final decree was erroneous. The trustee should be charged at the rate of $195 a month from September 18, 1948, with interest. MacDonald should be charged at the rate of $40.08 per month for the period she has occupied the apartment, together with the total rents collected by her from the other tenants

in this apartment building, and also the rents collected by her from tenants of the garage, which contained several stalls, less amounts found to have been reasonably expended by her in necessary repairs on the apartment building and the garage. She is also to be charged with $425, being the dividends she received on the stock of the Pure Oil Company. She is also to be charged with interest from the times she received the various sums with which she is to be charged.

The second paragraph of the final decree stating the account between the trustee and MacDonald is reversed and a new accounting is to be had in the Superior Court in accordance with this opinion unless the parties can agree. The trustee should be ordered to pay the amount found due MacDonald. The third paragraph is to be struck out and instead a provision is to be inserted that upon the payment of the balance due the trustee should pay MacDonald $195 per month on the eighteenth day of each and every month thereafter in accordance with the terms of the indenture of trust dated August 18, 1948. The fourth paragraph dismissing the bill against all the defendants is to be struck out. A new paragraph charging Frank with the fair and reasonable rental for the cottage occupied by him since January 6, 1953, is to be added to the final decree. The amount for which he is to be charged is to be determined in the Superior Court if the parties cannot agree. The first paragraph of the decree is to stand.[1] The trustee is to have costs of this appeal against MacDonald and Frank.

*So ordered.*

---

[1] The first paragraph ordered the defendant James H. Gough to pay damages of $1 to the plaintiff. — REPORTER.