## ELLEN M. MACKIN *vs.* THOMAS F. DWYER.

Middlesex.    November 9, 1909. — May 17, 1910.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Contract,* Consideration, Validity. *Mistake. Statute of Frauds. Executor and Administrator.*

While forbearance from litigating a claim, which is known to the person forbearing to be frivolous or vexatious, is not a good consideration for a promise for the reason that the promotion of such litigation would be or could be found to be either fraudulent or wanting in good faith, yet, short of that, forbearance from litigation is a good consideration for a promise, and it is not necessary in an action upon a promise made for such consideration that it should appear that there was in fact a good cause of action or a fair and reasonable ground of success in the threatened litigation.

At the trial of an action of contract by a sister against her brother to recover a sum of money which the plaintiff alleged that the defendant promised to pay to her if she would not oppose the proof of the will of their father, there was evidence tending to prove the following facts : At his death the father left personal property amounting to about $300, all of which it was necessary to expend for the payment of taxes, expenses of the last sickness, of the funeral and of the administration of the estate, and real estate worth $7,300. The father's will nominated the defendant as executor, gave a legacy of $1,000 each to the plaintiff and her sister, a legacy of $500 to another son, and by specific devises all of the real estate to the defendant and to his son. Previous to the death of the father he had lived in a tenement, an upper floor of which was occupied by the defendant and his family. Some member of the defendant's family always was present when the plaintiff or others of the children and grandchildren called upon the father. A few months before the father's death he drew $1,300 from a bank, which he used to pay off a mortgage on the premises specifically devised to the defendant's son. After the issuance of a citation upon a petition of the defendant for proof of the will, there was a family council at which the plaintiff expressed her dissatisfaction with the will and announced her intention of contesting it. The defendant thereupon promised to pay her the $1,000 given her in the will as a legacy if she would refrain from any contest. The plaintiff

did refrain, relying on the defendant's promise, and the will was proved without objection. *Held,* that it could not be ruled as matter of law that the plaintiff's threat to contest the will was frivolous or vexatious, or that the promise of the defendant was without consideration.

At the trial of an action by a sister against her brother to recover for breach of an agreement by the defendant alleged to have been made in consideration of forbearance on the part of the plaintiff from contesting the will of the father of the plaintiff and of the defendant, one issue was whether in making a threat to contest the will the plaintiff had acted in good faith, and there was evidence tending to show that she had so acted. The defendant asked the presiding judge to instruct the jury that " the plaintiff must have acted in good faith in threatening to contest the will or there is not sufficient consideration to support the promise," but no such instruction was given either in form or in substance, and the defendant alleged exceptions. *Held,* that the exceptions must be sustained, because the substance of the instruction asked for should have been given to the jury in some form.

Where a sister is dissatisfied with the provisions of her father's will and in good faith threatens to contest its proof and allowance but, in consideration of a promise on the part of her brother, who desired the will to be proved, to pay to her the amount of a legacy which was given to her in the will, forbears from contesting the will, the validity of the contract thus made by the brother is not affected by the fact that both the sister and the brother were acting under a mistaken idea as to their respective legal rights and obligations, so long as the brother was fully acquainted with the facts and there was no fraud or misrepresentation.

If a brother, who was named as executor in the will of his father, who had died leaving personal estate which was not more than sufficient to pay the expenses of the last sickness, of the funeral and of the administration of the estate, and real estate all of which was devised specifically to the brother and to his son, before the will is proved promises his sister to pay to her the amount of a general legacy, which was given to her by the provisions of the will, in consideration of her forbearing from carrying out an intention to contest the allowance of the will, which she in good faith had entertained, and thus permitting the allowance of the will and the confirmation of the devises therein to the brother and to his son, such a promise is not within the provision of R. L. c. 74, § 1, cl. 1, that without a memorandum in writing no action shall be brought " to charge an executor . . . upon a special promise to answer damages out of his own estate," both because the promise is made by the brother for his own benefit and is an original and not a collateral undertaking on his part and to permit him to avoid his promise to his sister by relying on the statute of frauds would be to permit him to perpetrate a fraud by means of the statute, and also because, all the real estate having been devised specifically and there having been no personal property sufficient to pay the legacy, there was no estate of the testator out of which a general legacy was payable and consequently there was no debt due to the sister from the estate.

MORTON, J. This is an action of contract in which the plaintiff seeks to recover from the defendant the sum of $1,000 which the plaintiff alleges he promised to pay her if she would not contest the will of their father, of which he was appointed executor by the testator. There was a verdict for the plaintiff and the

case is here on exceptions by the defendant to the refusal of the presiding judge * to give certain rulings that were requested.

By the will the testator gave legacies of $1,000 each to the plaintiff and her sister Bridget, and a legacy of $500 to his son Michael. He also gave to Bridget the household furniture. Certain parcels of real estate of which the testator died seised, being all the real estate of which he was possessed, were specifically devised to the defendant and his son Thomas F. Dwyer, Jr. To his grandson were also given the testator's tools. The real estate was inventoried at $7,300. The personal property, including $108 in cash, amounted to a little over $300, and was all used in the payment of taxes, expenses of the last sickness, administration and the funeral, and of the legacies of the furniture to Bridget and the tools to the grandson; — the result being that there were no assets with which to pay the legacies to the plaintiff and her sister and Michael. The defendant petitioned the Probate Court for the allowance of the will, and a citation was issued of which all parties interested had due notice. There was testimony tending to show that while the petition for probate of the will was pending there was a family council, at which all parties interested, including the defendant, were present, and at which the plaintiff expressed dissatisfaction with the will and announced her intention of contesting it; and that the defendant thereupon promised to pay her the $1,000 given her in the will as a legacy if she would refrain from any contest, which she did, relying upon the promise thus made, and the will was duly proved and allowed without any objection being made thereto. There was also testimony tending to show that the defendant and his family had lived in an upper tenement in the same house with his father for many years, and that either his daughter Bridget, who kept house for their father, or some one of the defendant's family was always present when the plaintiff or others of the children or grandchildren called upon him. It further appeared that a few months before he died the testator drew out of the bank $1,300, which he used to pay off a mortgage on premises specifically devised to the defendant's son.

We do not deem it necessary to recite the rulings requested or to consider them *seriatim.* The defendant contends in sub-

* *Hardy,* J.

stance that there was no consideration for the promise ; that in order to constitute a sufficient consideration it must appear that there was reasonable ground for contesting the will, and that the plaintiff was acting in good faith in proposing to contest it ; that the promise was made under a mutual mistake as to the liability of the defendant for the legacy ; and lastly that the promise, being oral, is within that provision of the statute of frauds which declares that no action shall be brought " To charge an executor or administrator . . . upon a special promise to answer damages out of his own estate." R. L. c. 74, § 1, cl. 1.

It is settled in this Commonwealth that forbearance to sue constitutes or may be found to constitute a good consideration for a promise to an intending litigant, and that it is not necessary in an action on such promise that it should appear that there was in fact a good cause of action, or a fair and reasonable ground of success in the threatened suit. Forbearance to sue a claim known to be frivolous or vexatious would not be a good consideration for the reason that the promotion of such a suit would be or could be found to be either fraudulent or wanting in good faith. But short of that, forbearance to sue would seem to be a good consideration for a promise founded thereon. *Blount* v. *Wheeler,* 199 Mass. 330. *Kennedy* v. *Welch,* 196 Mass. 592. *Prout* v. *Pittsfield Fire District,* 154 Mass. 450. *Wilton* v. *Eaton,* 127 Mass. 174. *Kerr* v. *Lucas,* 1 Allen, 279. In the present case the circumstances under which the will was made were such that it could not be ruled as matter of law that the threat to contest it was frivolous or vexatious. *Blount* v. *Wheeler, supra.*

In regard to the matter of good faith, the defendant asked the presiding judge to instruct the jury that " the plaintiff must have acted in good faith in threatening to contest [the] will or there is not sufficient consideration to support the promise." This instruction was not given in form or substance. The judge did instruct the jury that if they found that the plaintiff said she was going to oppose the probate of the will and the defendant had reason to suppose that she was going to do so, then it was not essential for them to go into the question whether she was acting in good faith on reasonable grounds. And this was correct as far as it went. But the judge did not instruct the jury,

as he should have done in some form, that in order that forbearance to sue should constitute a valid consideration for the defendant's promise there must have been a *bona fide* intention on the part of the plaintiff to contest the will if her legacy was not paid, and that a threat to contest the will, merely for the purpose of compelling the defendant to settle with her and buy his peace without any intention on her part of actually contesting the will if no such settlement was made, would not be sufficient and would not constitute a valid consideration for the defendant's promise. There was evidence warranting a finding that the plaintiff was acting in good faith when she declared her intion to contest the will. But inasmuch as no instructions were given to the jury as requested in respect to the matter of good faith, we are constrained to sustain this exception.

The contract, being supported by a good consideration, was none the less binding although entered into by the parties under a mistaken idea as to their respective legal rights and obligations. There was no fraud or misrepresentation and the defendant was fully acquainted with all the facts.

The remaining question relates to the statute of frauds. We do not think that the promise comes within the statute. The defendant was, as he contends, executor by virtue of his appointment by the testator when the promise was made (*Rand* v. *Hubbard*, 4 Met. 252, 256), but the promise was for his own benefit and was an original and not a collateral undertaking on his part. By reason of the plaintiff's forbearance to contest the will he secured the undisputed confirmation of his title to the real estate which was specifically devised to him, and the plaintiff gave up and lost the opportunity to contest the allowance of the will. To permit the defendant to set up the statute of frauds under such circumstances would be to allow him to perpetrate a fraud by means of it. *Nelson* v. *Boynton*, 3 Met. 396. *Alger* v. *Scoville*, 1 Gray, 391. Browne, St. Frauds, (5th ed.) § 212. Moreover the promise of an executor, to come within the statute, must be to pay out of his own estate a debt or obligation primarily due from the estate of the deceased. In the present case the estate of the deceased did not owe and never has owed the plaintiff anything on account of the legacy, for the reason that it was a general one and there were

no assets with which to pay it, the personal property being exhausted by the payment of debts and the expenses of administration, last sickness and funeral and of the specific legacies. There was therefore no debt due from the estate to which the defendant's promise as executor could apply, and for this reason also the promise was not within the statute.

*Exceptions sustained.*

The case was submitted on briefs.

*J. J. Foley*, for the defendant.

*F. G. Cook*, for the plaintiff.