JOHN J. COLLINS *vs.* BRIDGET COLLINS.

Middlesex.   March 18, 1912. — May 24, 1912.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DECOURCY, JJ.

*Husband and Wife. Contract,* Validity. *Equity Jurisdiction,* Specific performance.

A man and woman made an antenuptial contract by which after their marriage they were to retain their respective estates, with a provision that, if the wife should survive the husband she should receive within six months from the time of his death the sum of $1,000 from his estate, that to secure such payment she should have possession of certain real estate of which he was seised which should become hers absolutely if the payment was not made within six months, and that upon his death she should by deed release all interest in his estate excepting such claim of $1,000 and the security of the payment therefor. After their marriage and the death of the husband, his sole heir at law within six months tendered to the widow the sum of $1,000 and demanded a release of all her interest in the estate of her late husband. Upon her refusal the heir at law brought a bill for specific performance of this provision of the contract. *Held,* that the provision of the contract was valid and that the plaintiff was entitled to a decree.

BILL IN EQUITY, filed in the Superior Court on August 23, 1910, by the son and sole heir at law of John Collins, late of Malden, who died intestate on March 22, 1910, against the widow of

John Collins to enforce the provisions of an agreement printed below.

The bill alleged that the maiden name of the defendant was Bridget Davis, that she was married to John Collins on February 22, 1900, and that, before such marriage, on February 14, 1900, John Collins and the defendant entered into the contract printed below, that John Collins at the time of his death was seised of the real estate referred to in the contract, that he had owned it since 1869 and that it was estimated to be worth about $4,000, that after the death of John Collins the plaintiff had tendered to the defendant the sum of $1,000 and demanded a release of the defendant's interest in the estate of John Collins in accordance with the terms of the contract, but that the defendant refused to release her interest in the estate. The plaintiff offered to pay the defendant $1,000 and to comply with all the terms of the contract and prayed for a decree for the specific performance of the contract.

The defendant demurred to the bill.

The contract sought to be enforced was as follows:

"This agreement made and entered into this fourteenth day of February, A. D. 1900, by and between John Collins and Bridget Davis both of Malden Commonwealth of Massachusetts Witnesseth: that in consideration of the promise and agreement of the said John Collins to marry the said Bridget Davis and of the said Bridget Davis to marry the said John Collins it is hereby mutually agreed that both the said parties shall retain their respective estates with such as may hereafter accrue to them, separate and apart from the other, subject to the payment of their respective debts, with power to each to manage and dispose of their estates as they shall see fit, and at their decease to have the same descend to their respective heirs at law or otherwise dispose of as they may respectively by last will and testament order and appoint. In case of the decease of the said John Collins she, the said Bridget surviving him there shall, within six months from the time of his decease be paid to the said Bridget the sum of one thousand dollars from his estate. In order to secure the payment of the said sum, she, the said Bridget, immediately upon the decease of the said John Collins shall have the sole use and possession of the premises numbered 29 Brackenbury Street, in Malden being

the northerly portion with the buildings thereon of the premises conveyed to the said John Collins by Elijah B. Putnam and Susan E. Putnam. . . . If at the expiration of the six months, the said sum of one thousand dollars has not been paid to the said Bridget, then she shall have the said estate in fee with power to dispose of the same. Upon the death of the said John Collins, she the said Bridget surviving shall by deed release all interest in his estate excepting the said claim of one thousand dollars and the security of the payment thereof."

Here followed the attesting clause with the signatures of the parties, an acknowledgment by John Collins and a certificate of the recording of the contract.

The case first was heard upon the demurrer by *Richardson,* J. He made an order overruling the demurrer, and the defendant appealed. The defendant filed an answer and a final decree was entered by order of *Jenney,* J., overruling the demurrer, and ordering the defendant, upon tender to her of the sum of $1,000 by the plaintiff, to execute a release of all her interest in the real estate of her late husband, John Collins. The defendant appealed.

The case was submitted on briefs.

*R. E. Burke & E. E. Crawshaw,* for the defendant.

*J. J. O'Connor,* for the plaintiff.

DeCourcy, J. In her antenuptial contract with John Collins the defendant agreed, in the event of her surviving him, to release all interest in his estate except the claim for $1,000 and the security provided therefor. The bill of complaint alleges that the plaintiff, who is the sole heir of the deceased husband, has duly tendered this money and is ready and willing to pay it to the defendant, but that she refuses to release her interest in the estate. The contract is a lawful one and will be enforced in equity. *Paine* v. *Hollister,* 139 Mass. 144.

The provisions of R. L. c. 153, § 26, relied upon in the defendant's demurrer, apply only to antenuptial contracts enabling the respective parties to hold their separate property after marriage, and do not affect an antenuptial agreement relating only to the rights which a widow may claim in the estate of her deceased husband. So far as the bill discloses, the defendant had no separate property. Even assuming that the statute may apply to the agreement in question, it does not affect her obligation to release

all interest in the estate of her late husband; and the demurrer was rightly overruled. *Jenkins* v. *Holt,* 109 Mass. 261. *Freeland* v. *Freeland,* 128 Mass. 509.

*Decree affirmed with costs.*