ARTHUR BLACK, administrator with the will annexed, & others *vs.* ELMER E. ABERCROMBIE.

Suffolk.    May 15, 1929. — May 29, 1929.

Present: RUGG, C.J.; CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Probate Court*, Jurisdiction, Proceedings in equity. *Equity Jurisdiction*, Of probate court, Specific performance. *Jurisdiction.*

A probate court has no jurisdiction under G. L. c. 215, § 6, to entertain a petition in equity brought by one as administrator with the will annexed of a certain estate and trustee under another will, and by legatees under the first will, against the executor of the second will to enforce specific performance of an oral agreement whereby the

respondent promised to pay a certain sum to the administrator in consideration of a withdrawal by the administrator of his opposition to a pending probate account filed by the respondent, of the termination of a suit in equity previously brought against the respondent by the administrator for an accounting of the respondent's conduct as agent for the administrator's testator, and of the giving of releases to the respondent by the petitioners and others.

PETITION, filed in the Probate Court for the county of Suffolk on December 3, 1928, and described in the opinion. The respondent demurred. The demurrer was heard by *Prest*, J., who made the order "Demurrer sustained for want of jurisdiction. Bill dismissed." The petitioners appealed.

*M. F. Weston*, for the petitioners.

*G. M. Poland & F. H. Davis*, for the respondent, submitted a brief.

SANDERSON, J. This is a petition in equity, filed in the Probate Court, for specific performance of an oral agreement between the petitioners and the respondent, whereby the latter promised to turn over to the Isabella J. Coleman estate and to the petitioner Black, as administrator with the will annexed, the sum of $20,000 in settlement of two controversies; one relates to a pending probate account filed by the respondent as surviving executor of the will of George W. Coleman, and the other to a suit in equity pending in the Superior Court, brought by the petitioner Black as special administrator of the estate of Isabella J. Coleman, against the respondent for an accounting of his dealings as agent or confidential adviser of Isabella J. Coleman. The petitioner Black is also trustee under the will of George W. Coleman, and the other petitioners are legatees under the will of Isabella J. Coleman. The bill alleges that, under this agreement, the petitioner Black was to take appropriate steps upon payment of the sum stated for withdrawing the opposition to the executor's account and for the termination of the suit in equity, and releases were to be given by the other petitioners and by certain designated heirs at law of Isabella J. Coleman.

Extensions of the time for performance were made at Abercrombie's request, the last of which expired April 2,

1928. The releases which were to be given were prepared and signed and are now in existence, and the petitioners are now, and have at all times been, ready, able and willing to carry out the agreement of compromise. The petition alleged that the respondent has for more than a reasonable time failed to perform his part of the agreement, and has paid nothing thereon, and that the petitioners are entitled to have the payment made by the respondent concurrently with the delivery of the releases and the taking of the necessary steps to dispose of the litigation, concerning which the compromise agreement was made. It further alleged that no remedy at law or on the probate side of the court can give to them the relief to which they are entitled; and the prayer is that the respondent be ordered to pay the petitioner Black, as administrator, the sum of $20,000 and interest, upon the doing by the petitioners of the things required by them to be done under the agreement.

A demurrer to the bill was sustained for want of jurisdiction, and the bill was dismissed. "Probate courts are not courts of general equity jurisdiction. They have equity jurisdiction only in those cases where it is expressly conferred upon them." *Bailey* v. *Dillon,* 186 Mass. 244, 247. G. L. c. 215, § 6, gives the Probate Court "jurisdiction in equity, concurrent with the supreme judicial and superior courts, of all cases and matters relative to the administration of the estates of deceased persons . . . and of all other matters of which they now have or may hereafter be given jurisdiction." It is not alleged that the compromise agreement was authorized by the Probate Court. See G. L. c. 204, §§ 13, 14. The specific performance of the agreement made by the parties in an attempt to settle their controversies is not a matter relative to the administration of an estate within the meaning of the statute. The nature of the petitioner's rights as well as the kind of relief sought distinguishes this case from *Mitchell* v. *Weaver,* 242 Mass. 331, and *Coffey* v. *Rady, ante,* 301, this day decided. The jurisdiction of the probate courts to entertain petitions for specific performance given by statute (G. L. c. 204, § 1) is limited in its nature, and does not extend to the enforcement of an oral contract such

as is set out in this petition. "Specific performance is not included in the matters over which the Probate Court is given concurrent jurisdiction by G. L. c. 215, § 6." *Derby* v. *Derby*, 248 Mass. 310, 314.

The ground upon which the decision rests makes it unnecessary to consider the question whether the bill has stated a case for equitable relief.

*Decree affirmed.*