Rowe, J.
'This is an action of contract in which the plaintiff seeks to recover $320 upon the following declaration, “And the plaintiff says; that on or about June 30, *191 1932, the defendant and his wife were indebted to the plaintiff in a considerable sum of money, being a balance due on the purchase of real estate. That on said date the plaintiff and defendant entered into an agreement by the terms of which the defendant agreed to pay the sum of $320 in six months from said date in full settlement of the said indebtedness. And the defendant has failed to. keep his said agreement and is indebted to the plaintiff in the sum of $320 plus interest from Dec. 30, 1932, the date upon which said payment was due.” The defendant’s answer is a general denial and an allegation of want of consideration. The trial judge found for the defendant and the plaintiff claims to be aggrieved by the refusal of the trial judge to grant its requests for rulings.
The principal question in the case is raised by the refusal to grant the following request by the plaintiff. “2 The execution by the plaintiff and delivery to the defendant of the release of its claim against the defendant which the plaintiff in good faith thought was valid, is a sufficient consideration for the defendant’s promise to. pay the $320 even tho it ultimately was discovered that said claim was neither valid nor enforcible.” There was no error in the denial of this request.
There was evidence tending to show that the plaintiff and the wife of the defendant had previously entered into- an agreement whereby she was to. purchase certain real estate from the plaintiff. On June 30, 1932 there was a balance due and one Brand the then treasurer of the plaintiff asked the defendant what he was going to do about it. Defendant then signed the following note, “Six months after date for value received I promise to pay to the order of Adolph A. Brand three hundred twenty dollars.” In exchange the defendant received from Brand the following “received of James Lacey, settlement in full in the way of *192 releasing him from performance of the purchase of cottage and two lots at Scituate as per contract bearing on same between the parties herein. Suburban Land Co. Inc. by A. A. Brand.”
It appears from the report that Brand brought suit himself on the note and it is further stated that the. plaintiff ratified the above settlement effected by Brand but disaffirmed his act in accepting or taking the note.
The plaintiff in its brief states the theory of the case as “an action to recover on a compromise agreement.”
One vital statement in the report reads “the defendant was never indebted to or under any obligation to the plaintiff nor did he have any contractual relation with it unless such was created by the transaction that took place on June 30, 1932. The transaction of June 30, 1932 was without consideration.”
It is true that the courts have gone a long way in upholding agreements to compromise claims which might have turned out in the end to have been unenforcible, if such claims were made in good faith, and were not frivolous, vexatious or unlawful. See Prout v. Pittsfield Fire District, 154 Mass. 450; Kennedy v. Welch, 196 Mass. 592; Blount v. Wheeler, 199 Mass. 330; Mackin v. Dwyer, 205 Mass. 472. Silver v. Graves, 210 Mass. 26; Codman v. Dumaine, 249 Mass. 451. Am. Law Inst. Restatement Contracts, sec. 761 (b).
For an illustration of an agreement which was held to have fallen on the other side of the line see Palfrey v. Portland, Saco & Portsmouth Railroad Company, 4 Allen. 55.
In the instant case there was no claim at all, originally, by the plaintiff against the defendant. There was not a thing on which to base a possible liability on the part of the defendant since he was not concerned or connected with the transaction in any way,, and the trial judge could *193 properly have found the claim of the plaintiff to be frivolous and that the- plaintiff’s representative did not have a belief which was reasonable in the possible validity of any claim against the defendant and that hence the evidence did not show consideration for the defendant’s promise. Marliniello v. Robitaille, Mass. A. S. (1936) 207, 211.
The plaintiff’s request in effect asked for a ruling that as matter of law consideration existed if there was good faith in the belief on the part of the plaintiff. That request would have been a correct statement only if as matter of law upon the facts of the case the trial judge could not have also given weight as facts to the elements of the claim being frivolous or vexatious or that the belief of the plaintiff was not a belief which was reasonable. In the instant case botli of these additional elements could have been given weight as bearing on consideration and hence the trial judge was not in error in refusing a request that consideration existed merely because of good faith of the plaintiff in its belief and he was justified in finding that there was no consideration for the so-called compromise agreement of June 30, 1932.
There was no error in the denial of the plaintiff’s requests numbered 1 and 3. Request No-. 1 was predicated upon the fact of the property having been sold to “the defendant and his wife,” when in reality the agreement was with the wife only. Request No. 3 bore upon the question of “an intending litigant to forbear from litigating a claim which he in good faith at the time of his agreement thought was valid.” The report states on P. 5, “the plaintiff for the first time by its request No. 3 raised the issue of forbearance to litigate. No evidence on such issue was presented at the trial of this action.” That statement disposes of request No. 3. An additional request concerning a claimed judgment upon the note by Brand becomes *194 immaterial in view of what we have said above. We do not reach the question of ratification in part which has been argued by the defendant.
As the plaintiff was not aggrieved by the refusal of the trial judge to grant its requests the report must be dismissed.
So ordered.