MARGARET MACDONALD & others *vs.* JAMES H. GOUGH & another.

Middlesex.    May 11, 1951. — October 1, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Executor and Administrator*, Compromise agreement, Distribution.  *Contract*, Compromise respecting decedent's estate.  *Equity Jurisdiction*, Specific performance.  *Equity Pleading and Practice*, Appeal, Decree.

In a suit in equity to enforce a contract made by the heirs of an intestate decedent and a claimant against his estate in settlement of such claim, the court had jurisdiction to order the administrator of the estate, a defendant, to distribute the net assets thereof in accordance with the terms of the contract after settlement of his account in the Probate Court.

On a certain limited record on an appeal from a final decree entered in a suit in equity after rescript from this court and after an amendment to the bill adding matter pertaining to a new defendant had been allowed, he had filed pleadings, and interlocutory decrees on his pleadings had been entered, no error was shown in the final decree after rescript, which conformed substantially to the rescript and was within the scope of the amended bill, and it was affirmed.

BILL IN EQUITY, filed in the Superior Court on November 22, 1948.

Following the decision by this court reported in 326 Mass. 93, a motion to amend the bill was allowed by *Beau-*

*dreau,* J., and interlocutory decrees overruling a demurrer and a plea by the defendant Malinow, administrator, a final decree after rescript, and a decree denying a motion by Malinow to set aside the final decree after rescript were entered by order of *O'Brien,* J. Malinow appealed from the final decree after rescript and from the decree denying his motion to set it aside.

*J. M. Fogarty,* (*S. H. Malinow* with him,) for Malinow, administrator.

*R. L. Sisk,* (*J. H. Ramsey* with him,) for Margaret Mac-Donald.

WILLIAMS, J. This is a suit in equity to obtain specific performance of the provisions of a written contract and an indenture of trust, both dated August 18, 1948. The case was previously before this court (326 Mass. 93) at which time the parties to the suit were Margaret MacDonald, Luke L. Goff, sometimes spelled Gough, and Frank J. Gough, plaintiffs, and James H. Gough, defendant. Luke L. Goff, Frank J. Gough, and James H. Gough are brothers and comprise all the heirs at law and next of kin of a fourth brother, Martin G. Gough, who died intestate on July 27, 1948. Margaret MacDonald is a claimant against the estate of Martin G. Gough. By rescript of this court filed June 7, 1950, it was ordered that a final decree be entered ordering the defendant, so far as now material, to "carry out the terms" of a compromise agreement of the parties as to their respective shares in the estate of Martin G. Gough and to "perform and comply" with the terms of a trust indenture established in accordance with the terms of said agreement. In that trust indenture Luke L. Goff was named trustee for the benefit of Margaret MacDonald. Thereafter on June 23, 1950, on motion of Luke L. Goff filed June 16, 1950, a judge of the Superior Court allowed an amendment to the bill of complaint adding an allegation that on March 25, 1949, one Samuel H. Malinow was appointed administrator of the estate of Martin G. Gough by the Probate Court for Essex County and a prayer that the administrator be joined as party defendant and ordered to deliver "the distributive

shares of the estate . . . to Luke L. Goff, trustee for the benefit of Margaret MacDonald et als." The administrator filed a demurrer to the amended bill, a plea to the jurisdiction, and an answer. The grounds of the demurrer are that the bill as amended "would seek to make the said administrator distribute the said estate in a manner contrary to a decree of said Probate Court"; and that the plaintiffs have an adequate remedy in the Probate Court. The ground of the plea is that the Probate Court has sole jurisdiction to decree such distribution. The demurrer and the plea were overruled, and on the same day a final decree after rescript was entered. The decree after rescript ordered the three brothers to transfer and assign their respective interests in the estate of Martin G. Gough to Luke L. Goff, trustee. It ordered Samuel H. Malinow as administrator to deliver to Margaret MacDonald two hundred eighty-two shares of Remington-Rand Company common stock (to which she was entitled under the compromise agreement), and to turn over to Luke L. Goff the net assets of the estate. It also provided that Luke L. Goff hold said property and administer the same in accordance with the terms of the trust, and that the defendant James H. Gough pay the sum of $145.75 as costs. From this final decree after rescript the administrator has appealed, and his appeal opens for our consideration the correctness of the interlocutory decrees entered on the demurrer and the plea to the jurisdiction. G. L. (Ter. Ed.) c. 214, § 27. *Nochemson* v. *Aronson*, 279 Mass. 278, 280. *Gibbons* v. *Gibbons*, 296 Mass. 89.

The propriety of allowing the administrator to be joined as a new party after rescript has not been argued and need not be considered. But see *Merrill* v. *Beckwith*, 168 Mass. 72; *Frost* v. *Courtis*, 172 Mass. 401, 403, and cases cited; *Lawrence* v. *Smith*, 201 Mass. 214; *Strout* v. *United Shoe Machinery Co.* 215 Mass. 116; *Bauer* v. *Mitchell*, 247 Mass. 522.

At issue is the authority of the Superior Court, which has determined the validity of the agreement of compromise entered into between the heirs at law and next of kin and

the claimant to the estate and has established the trust provided for by this agreement, to order the administrator of the estate to distribute its net assets in accordance with the terms of the agreement.

Complete jurisdiction over the administration of the estate of a deceased person is vested in the Probate Court and the accounts of an administrator appointed by that court must be settled there. See G. L. (Ter. Ed.) c. 206. A probate account cannot be settled in an ordinary action at common law. *Ammidown* v. *Kinsey*, 144 Mass. 587. *Foster* v. *Bailey*, 157 Mass. 160. The Probate Court may authorize an administrator or executor to compromise by agreement a claim against an estate and may enter the necessary decree to enforce such agreement. G. L. (Ter. Ed.) c. 204, §§ 14, 15. But parties of legal competence with alleged interests in an estate may settle their differences without the aid of and entirely outside of the statute. As said in the case of a will, "This settlement may be effected by an agreement between the legatees and the contestant that the latter shall have a certain sum or a certain specific share of the estate, and the agreement may be enforced in the former case by an action at law to recover such certain sum, or in the latter by proceedings in equity for specific performance." *Baxter* v. *Treasurer & Receiver General*, 209 Mass. 459, 463. The rights of the parties so far as they rest upon such agreement are contractual and not testamentary. The "binding character [of such agreements] as contracts has been recognized and enforced in equity both before and since the enactment of any statute authorizing courts to approve them." *Ellis* v. *Hunt*, 228 Mass. 39, 43, 44. See *Renwick* v. *Macomber*, 225 Mass. 380, 385. Claimants of interests in an intestate estate also may agree to compromise their claims, as we have held in sustaining the validity of the present compromise agreement. *MacDonald* v. *Gough*, 326 Mass. 93, 98. The question of the jurisdiction of the Superior Court to enforce an agreement of compromise of similar character was decided adversely to the contention of the appellant in *Blount* v. *Wheeler*, 199 Mass. 330, 339.

In that case it was said: "There is nothing in the . . . objection that such a bill in equity as that now before us and the decree entered in the Superior Court are an undue interference with the settlement of the estate in the Probate Court. Where a bill for instructions is brought in the Supreme Judicial Court by a trustee appointed by the Probate Court, his accounts are settled there and the distribution of the amount so found due is made here. See *Brown* v. *Wright,* 194 Mass. 540; *Green* v. *Gaskill,* 175 Mass. 265. The same method of proceeding should be followed in cases like the case at bar."

The demurrer was properly overruled on the jurisdictional ground, and also on the ground that the plaintiffs had an adequate remedy in the Probate Court. If the Probate Court had concurrent jurisdiction with the Superior Court to enforce the compromise agreement, which we need not decide, although see *Black* v. *Abercrombie,* 267 Mass. 316, 318–319, the Superior Court, whose jurisdiction has been first invoked, now has acquired exclusive jurisdiction over the subject matter of the suit. *Old Colony Trust Co.* v. *Segal,* 280 Mass. 212. For the same reasons there was no error in overruling the plea to the jurisdiction.

In dealing with the correctness of the final decree after rescript we are confronted with a record which contains only the pleadings, the decrees and the appeal above described, a motion by the defendant administrator to set aside the final decree after rescript "for the reason that said decree was entered by mistake and without giving said defendant an opportunity to have his case heard on the merits," and an appeal by the administrator from a denial of this motion. There are no findings of facts, either on the merits of the case or on the matters alleged in the administrator's motion. In his answer the administrator alleges that Margaret MacDonald has brought a second bill of complaint in the Superior Court naming as defendants all of the other parties to the present bill as amended, alleging that "most of the assets of the said estate belong to her," and seeking to have those assets turned over to her by the

administrator. The record does not show whether the judge in the Superior Court before entering the decree after rescript heard the case on the bill and answer, on statements of counsel, or on evidence presented. Whatever may be the fact, no error appears in the decree. If the hearing was on statements of counsel or presented evidence, the decree implies a finding of all facts necessary to support it, the only question being whether it conforms to the rescript of this court and can rightly be entered on the pleadings. See *Dondis* v. *Lash*, 283 Mass. 353, 354. The decree conforms substantially to the terms of the rescript and follows the allegations of the amended bill. If the hearing was on the bill and answer, the only fact well pleaded by the administrator which was not admitted and had not been previously decided is the pendency of Margaret MacDonald's second suit in equity. The final decree after rescript in the instant suit will adjudicate the matters in issue among the parties regarding the distribution of the estate and the claim of Margaret MacDonald against the estate alleged in her second bill will become res judicata. The pendency of this second bill, therefore, furnishes no defence to the administrator in the present suit.

In the absence of findings of fact it cannot be said that there was error in denying the motion of the administrator to set aside the final decree after rescript.

This decree should be modified by adding a provision that the administrator shall distribute the shares of stock and the net assets of the estate in his possession after the settlement of his account in the Probate Court. As so modified, the decree is affirmed. Costs of these appeals shall be awarded Luke L. Goff and Margaret MacDonald against Samuel H. Malinow as administrator.

*So ordered.*