DAVID H. PRICE & another *vs.* ESTHER PRICE & others.

Norfolk.    October 3, 1960. — November 10, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Contract,* Antenuptial agreement, Performance and breach. *Equity Jurisdiction,* Antenuptial agreement, Declaratory relief, Enforcement of claim for benefit of decedent's estate, Other remedy. *Equity Pleading and Practice,* Parties, Bill, Declaratory proceeding. *Executor and Administrator,* Compromise, Suit by beneficiary to enforce claim for benefit of estate.

An executor's exercise of "full power" given him by his testator's will "to compromise . . . any claims by or against . . . [the executor] or affecting . . . [the] estate" was subject to judicial review as to abuse of his discretion.    [392–393]

The bill in a suit in equity by beneficiaries under a will against the executor and the testator's widow adequately set forth a case for declaratory relief as to whether an antenuptial agreement between the testator and the widow was valid and binding on her with respect to a provision thereof in effect that she should take none of his property at his death except such as he might choose to leave to her in his will.    [393–394]

---

A suit in equity in the Superior Court by beneficiaries under a will against the executor and the testator's widow, seeking a declaratory decree that an antenuptial agreement between the testator and the widow was valid, seeking an injunction against the widow's prosecuting an action against the executor to enforce an agreement by the executor with her to pay her a certain sum periodically, which the plaintiffs in the suit in equity alleged was invalid in view of the antenuptial agreement, and seeking repayment of payments made to her by the executor under their agreement prior to the bringing of her action, was not barred by the principle that an accounting by an executor can be sought only in the Probate Court or on the ground that the plaintiffs in the suit in equity had an adequate remedy by charging the executor in his account for improper payments.  [394–395]

BILL IN EQUITY, filed in the Superior Court on April 15, 1959.

A demurrer to the bill by the defendant Esther Price was sustained by interlocutory decree of *Smith,* J.  Subsequently a final decree dismissing the bill was entered.  The plaintiffs appealed from both decrees.

*Joseph G. Crane,* for the plaintiffs.

*Edward M. Swartz,* for the defendants.

CUTTER, J.  The plaintiffs are legatees and beneficiaries of a trust under the will of their father, Louis N. Price. They bring this bill in equity against Louis's widow and his other children (also legatees and devisees), one of whom is his executor and testamentary trustee.  The bill alleges (a) that in 1940 Louis and Esther entered into an antenuptial agreement under which Louis might "dispose of . . . his property . . . by his . . . will to any . . . legatees . . . he may select, other than . . . Esther . . . who shall in no event take any part as heir or otherwise," except as Louis "shall choose to make a bequest" to her; (b) that Louis faithfully performed the antenuptial agreement and at his death left his property by will to others, including the plaintiffs, but not to Esther;[1] (c) that Esther in violation of the antenuptial agreement entered an appearance in opposition to the probate of Louis's will; (d) that, "in . . . disregard and violation of the rights of the" plaintiffs, Esther and

---

[1] Except in art. 1 where he left her his tangible personal property and referred to the antenuptial agreement as "still in force and unchanged."

Louis's executor "orally agreed that . . . [the] executor
. . . should pay to . . . Esther . . . one hundred dollars
each week for . . . her life" and that, when the plaintiffs
objected, the executor stopped the payments; and (e) that
Esther has brought an action against the executor for
breach of the agreement between them. The bill prayed
(a) for a preliminary injunction against prosecution of
Esther's action, (b) for an accounting and repayment of the
sums received by Esther from Louis's executor, (c) that
the antenuptial agreement "be declared . . . to be valid
and binding on . . . Esther," and (d) for general relief.
A preliminary injunction against prosecution of the action
was granted. Esther as grounds of demurrer said, first,
that no cause of relief in equity had been stated, second,
that the Superior Court had no jurisdiction "to order . . .
certain acts necessary to give the relief prayed for," and,
third, that there was an adequate remedy at law. The de-
murrer was sustained. The plaintiffs have appealed from
the interlocutory decree sustaining the demurrer and from
the final decree dismissing the bill.

1. Antenuptial agreements concerning the rights of the
surviving spouse in the estate of the spouse first to die are
enforceable in equity in Massachusetts. *Tarbell* v. *Tarbell,*
10 Allen, 278, 280. *Eaton* v. *Eaton,* 233 Mass. 351, 365.
Heirs at law of a party to such an agreement and bene-
ficiaries of a party's testamentary trust have standing to
enforce such an agreement. *Collins* v. *Collins,* 212 Mass.
131, 133. *Jones* v. *Jones,* 297 Mass. 198, 204.

The bill sets out the complete texts of the antenuptial
agreement and of Louis's will, which gave to his executor
"full power to compromise or submit to arbitration any
claims by or against . . . [him] or affecting my estate."
This circumstance, however, does not place the executor's
action in making an agreement with Esther beyond judicial
scrutiny and review. The executor's discretion under this
power was a very broad one. It may be exercised without
resort to prior approval of a particular compromise under
G. L. c. 204, §§ 13, 14. It cannot properly be exercised,

however, dishonestly, arbitrarily, in bad faith, or as the result of fraud. The power should be used only after serious and responsible consideration. See *Edelstein* v. *Old Colony Trust Co.* 336 Mass. 659, 662–664; Newhall, Settlement of Estates (4th ed.) § 105, pp. 317–318. See also *MacDonald* v. *Gough,* 327 Mass. 739, 742, as to compromises apart from the statute. This bill cannot be defeated on demurrer merely by the existence of the power to compromise, if the allegations, even though less specific than would be desirable, sufficiently aver facts which, if proved, would show an abuse of discretion.

The allegations against the background of the antenuptial agreement set out something more than mere conclusions of law. See *DeVincent Ford Sales, Inc.* v. *First Mass. Corp.* 336 Mass. 448, 450–453. Cf. *Foster* v. *Shubert Holding Co.* 316 Mass. 470, 474; *North Station Wine Co. Inc.* v. *United Liquors, Ltd.* 323 Mass. 48, 52. In alleging (a) Esther's appearance in opposition to the probate of Louis's will, (b) the making by her of an oral agreement for payments to her from the estate, and (c) her actual receipt of such payments, the plaintiffs have stated circumstances which, if proved, would justify the conclusions that her actions were inconsistent with the antenuptial agreement and done with knowledge of what might be concluded to be a breach (see *Barche* v. *Shea,* 335 Mass. 367, 371) of the executor's fiduciary duty. The allegations, however, do not set out as specifically as would be desirable the facts from which it could be found that the executor had abused his discretion in failing to rely on the antenuptial agreement and in effecting a compromise with Esther under the power given to him by the will. We, however, need not determine whether the absence of such specific allegations makes the bill demurrable, for other grounds for equitable relief are adequately stated in the bill.

The bill seeks a declaration that the antenuptial agreement is valid and that it is binding on Esther. The existence of a controversy is not specifically alleged but the allegations in the aggregate in effect sufficiently disclose that

one exists. See *School Comm. of Cambridge* v. *Superintendent of Schs. of Cambridge,* 320 Mass. 516, 518–520; *Willcutt* v. *Prescott,* 340 Mass. 532, 535. See also *Nissenberg* v. *Felleman,* 339 Mass. 717, 726. Cf. *Hillman* v. *Second Bank–State St. Trust Co.* 338 Mass. 15, 19. Although the plaintiffs do not argue that the declaratory relief sought is a ground for overruling the demurrer, this aspect of the relief prayed for is apparent from the record. A declaration of rights, upon the facts alleged, would be likely to terminate the controversy. See G. L. c. 231A, § 3, inserted by St. 1945, c. 582, § 1. Since a case for declaratory relief has been set out, the demurrer should not have been sustained on the first ground asserted. See *Stow* v. *Commissioner of Corps. & Taxn.* 336 Mass. 337, 340. Cf. *James Constr. Co. Inc.* v. *Commissioner of Pub. Health,* 336 Mass. 143, 145–146.

2. Equitable relief is not barred by the fact that the executor is a party defendant. A general accounting by the executor can be sought only in the Probate Court to which he is accountable. See *Buttrick* v. *Snow,* 277 Mass. 401, 404; *Parker* v. *Lloyd,* 321 Mass. 126, 136; *MacDonald* v. *Gough,* 327 Mass. 739, 742. Here, however, what is primarily sought, in addition to declaratory relief, is repayment by Esther of sums allegedly wrongfully paid to her. Apparently, relief against the executor is sought only to determine the amount of the sums paid to Esther and to join the executor as a necessary party. See *Maltzman* v. *Hertz,* 336 Mass. 704, 705–706. Relief against the executor by a probate accounting would not bind Esther or result in recovery against her. It is permissible to proceed to enforce her liability, if any, without awaiting the executor's accounting in the Probate Court. See *Locke* v. *Old Colony Trust Co.* 289 Mass. 245, 254; *Jones* v. *Jones,* 297 Mass. 198, 203–205; *Tierney* v. *Coolidge,* 308 Mass. 255, 260–261. The second ground of demurrer is without merit.

3. There is no merit to the contention that the remedy at law (see *Parkway, Inc.* v. *United States Fire Ins. Co.* 314 Mass. 647, 651, 654–655; cf. *Itek Corp.* v. *McEnness,* 340

Mass. 409, 412–413) is adequate. Injunctive relief (see *Noyes* v. *Noyes*, 233 Mass. 55, 61; cf. *Maney* v. *Maney*, 340 Mass. 350, 351–352,) against prosecution of Esther's action against the executor, to which the plaintiffs are not parties, could not be obtained by the plaintiffs at law. The payments to Esther, if wrongful, would not be recovered from her as a consequence of a probate accounting, even if such payments were disallowed in the executor's account. The plaintiffs, if in fact wronged, should not be required to rely only upon (a) charging the executor in his accounting and (b) the security of his bond. See analogy of *Holmes* v. *Holmes*, 194 Mass. 552, 556.

4. The interlocutory decree sustaining the demurrer and the final decree are reversed. The case is remanded to the Superior Court for further proceedings consistent with this opinion. The plaintiffs are to have costs of this appeal.

*So ordered.*