David H. Price & another *vs.* Esther Price & others.

Norfolk.   December 7, 1964. — March 4, 1965.

Present: Wilkins, C.J., Whittemore, Cutter, Kirk, & Reardon, JJ.

*Contract*, Compromise respecting decedent's estate, Validity, Considera-
tion. *Executor and Administrator*, Compromise. *Equity Pleading and
Practice*, Report of evidence, Findings by judge, Counterclaim, Decree.

The evidence in a suit in equity was not properly before this court and
   was not considered by it on an appeal where there was no order by the
   trial judge for a report of the evidence in accordance with G. L. c. 214,
   § 24; Rule 76 of the Superior Court (1954).   [665]
An attack on a counterclaim in a suit in equity on the ground that it did
   not comply in form with Rule 32 of the Superior Court (1954) should
   be made by demurrer to or motion to strike the counterclaim.   [665–
   666]
Vacation of a final decree in a suit in equity on motion by one of the
   parties vacated the decree as to all parties, and there was no merit in a
   contention by other parties that an appeal taken by them from the
   decree deprived the court of power to enter a new final decree after
   affording all parties a hearing thereon.   [666–667]
In a suit in equity to which the executor of a will, the testator's children,
   who were beneficiaries under the will, and the testator's widow were
   parties, a compromise agreement between the executor and the widow
   whereby he was to pay her certain sums in consideration of her relin-
   quishing a contest of the will was enforceable by her, irrespective of the
   merits of her contest, where it was found that the executor did not im-
   properly exercise his discretion in making the agreement with the widow
   and made it with the full knowledge and consent of the testator's chil-
   dren, and that the widow in contesting the will had acted "in good faith,
   in the honest belief that she had all the rights of a widow."   [667–668]

Bill in equity filed in the Superior Court on April 15,
1959.

Following the decision by this court reported in 341 Mass.
390, further proceedings in the suit were before *Forte, J.*

   *Joseph G. Crane* (*George Broomfield* with him) for the
plaintiffs.

   *John H. Fletcher Calver* (*Joseph Schneider & Robert L.
Schneider* with him) for the defendant Esther Price.

REARDON, J.   These are appeals by the plaintiffs[1] and by the defendant Henry S. Price from two decrees, each designated "Final Decree."   This controversy was before this court in 1960, at which time an interlocutory decree sustaining the defendant Esther Price's demurrer was reversed. *Price* v. *Price*, 341 Mass. 390.   Following the overruling of her demurrer the defendant Esther Price (Esther) filed a substitute answer in which she averred that she had entered into a compromise agreement with the defendant Henry S. Price (Henry), a devisee under, and executor of, the will of Louis N. Price.[2]   Esther alleged that, by the terms of the agreement, she was to withdraw her appearance in the Probate Court contesting the will and that Henry, as executor, was to pay to her, free of all taxes and for the rest of her life, $100 per week and, in addition, $2,000 every two years towards the purchase of a new car.   Esther's substitute answer concluded with a prayer that Henry be ordered, as executor, to pay her the amount due under this agreement.

On October 2, 1962, Esther moved that orders of notice issue for personal service upon the defendants Henry and Pearl Clayman, and "that they be ordered to answer to the pleadings entered against them by the Complainants . . . and by the Defendant, Esther Price."   Henry and Pearl having failed to respond to the "suit" wherein Esther sought relief, an interlocutory decree taking the bill for confessed was entered on November 27, 1962.   On December 12, 1962, an appearance was entered on behalf of Henry by Daniel G. Rollins, Esq.   On December 19, 1962, a final decree was entered ordering Henry to pay Esther the sum of $112,330.

On January 4, 1963, the plaintiffs moved to vacate the final decree, urging that it was entered after a hearing of which they had no notice; that Esther's substitute answer

---

[1] No brief was filed by the defendant Henry S. Price; his motion that the plaintiffs' brief be adopted as applicable to his appeals was allowed.   The appeals of the plaintiffs and Henry have been consolidated.

[2] Esther was the second wife of Louis N. Price.   The defendants Henry and Pearl Clayman and the plaintiffs, David H. Price and Rosalie Price, are children of Louis N. Price by his first marriage.

failed to comply with Rule 32 of the Superior Court (1954); that Esther's conduct in pursuing her claim violated an outstanding preliminary injunction;[3] and that the decree was not properly entitled "Final Decree." Henry moved to vacate on similar grounds. The latter motion was allowed on March 25, 1963. In a second final decree, entered on May 6, 1963, the judge revoked the preliminary injunction and ordered Henry to pay Esther as before, plus interest.

1. We consider initially Esther's contention that the transcript of evidence is not part of the record before the court because the evidence was not reported in accordance with G. L. c. 214, § 24, or Rule 76 of the Superior Court (1954). It is settled that where there is nothing outside of a stenographer's recital to indicate that any person was designated to take the testimony and where no record indicates any action of the judge or notation by the clerk with reference to any appointment, a transcript cannot be considered part of the record. *Thayer Co.* v. *Binnall,* 326 Mass. 467, 482. An examination of the docket (see *Styrnbrough* v. *Cambridge Sav. Bank,* 299 Mass. 22) indicates no order by the trial judge that the transcript be included in the record. *Teal* v. *Jagielo,* 327 Mass. 156, 157. *Delorafano* v. *Delorafano,* 333 Mass. 684, 685. We thus have not considered the evidence.

The case is before us on the judge's report of material facts which must be taken as true "except to the extent that they are inferences from subsidiary findings or are inconsistent with each other or with the pleadings." *Sturnick* v. *Watson,* 336 Mass. 139, 143. See *Tompkins* v. *Sullivan,* 309 Mass. 496, 497.

2. The judge ruled that the portion of Esther's substitute answer containing the allegations and prayer for affirmative relief, although not designated "counterclaim," complied with the requirement of Rule 32 of the Superior Court (1954) that a counterclaim "shall be . . . described

---

3 See *Price* v. *Price,* 341 Mass. 390, 392.

clearly as by way of counterclaim.'' If there was a defect of pleading, it could be met only by demurrer or motion to strike. *Mitchell* v. *Carrell,* 321 Mass. 453, 454–455. Neither pleading was filed. In fact, no answers to Esther's counterclaim were filed by any party.

3. It is contended that the decree of December 19, 1962, is void for want of notice to the plaintiffs or to Henry of the hearing upon which the decree was based and at which an actuary testified to the present value to Esther of the compromise agreement. In his allowance of Henry's motion to vacate this decree the judge noted that Henry had received no notice. The final decree was entered upon a decree pro confesso which, had adequate notice been given, would have been a proper disposition of the counterclaim. Rule 26 of the Superior Court (1954). *Medlinsky* v. *Premium Cut Beef Co.* 317 Mass. 25, 34. Allowance of Henry's motion protected his right to be heard at all stages of the proceedings. See *Hyde Park Sav. Bank* v. *Davankoskas,* 298 Mass. 421, 423–424, and cases cited.

The plaintiffs argue that while the final decree of December 19, 1962, on its face disposed only of a counterclaim, its effect was to render impossible the relief which they seek in this suit since any later decree in the plaintiffs' favor would be repugnant to the disposition of the counterclaim. The plaintiffs' contention is that they were indispensable parties to the proceedings, that therefore they can appeal from the decree, that the decree must be set aside for want of notice and that the plaintiffs having never withdrawn their appeal of January 2, 1963, the court was without jurisdiction to enter a further final decree on May 6, 1963. While this argument exhibits technical virtuosity, it ignores the fact that the court in granting Henry's motion to vacate the decree of December 19, 1962, vacated it for all parties. Cf. *Sullivan* v. *Sullivan,* 266 Mass. 228, 229; *Enterprises, Inc.* v. *Cardinale,* 331 Mass. 244, 246. We are satisfied that the rights of the plaintiffs were adequately protected since at the hearing of January 16, 1963, upon which the decree of May 6 was based, all witnesses who had

testified previously were available for cross-examination. Counsel steadfastly declined the opportunity to cross-examine, asserting that the court was without jurisdiction. The court ruled that it did have jurisdiction. We sustain that ruling. See *Savage* v. *Welch,* 246 Mass. 170, 178.

4. When this case was before this court on the demurrer, the plaintiffs asserted in their brief that the compromise agreement was entered into "without the consent of the beneficiaries." Our earlier holding was that while Henry's discretion as executor was very broad it could not properly be exercised "dishonestly, arbitrarily, in bad faith, or as the result of fraud." *Price* v. *Price,* 341 Mass. 390, 392–393. The trial judge has found that Henry did not exercise his power to compromise in violation of the standards laid down.

The plaintiffs present several arguments of law, contending that the oral rescission of the antenuptial agreement by Louis N. Price and Esther, in the presence of a trustee, was void or, alternatively, that they are entitled to rescission of the compromise agreement. Resolution of these arguments, if necessary to the disposition of the case, would present questions of complexity. But the trial judge has found that the compromise agreement "was authorized and approved with full knowledge of its terms and provisions by the other parties . . . namely the plaintiffs David . . . and Rosalie . . . and the other defendant, Pearl Clayman." The judge found that Esther received $2,000 from Henry on September 4, 1957, and a weekly check for $100 beginning November 1, 1957. The payments were discontinued after December 26, 1958.[4] The judge's report states further that after the payments stopped and Esther had instituted an action at law to enforce the compromise agreement "a conference was had at the office of the counsel for the

---

[4] On June 9, 1958, Henry's attorney, Mr. Rollins, drew up a petition for settlement, incorporating the terms of the compromise. This petition was never formally executed or filed in court. Although statutes dealing with compromises by executors have been enacted (G. L. c. 204, §§ 13–18), the executor retains his common law right to compromise claims. *Chadbourn* v. *Chadbourn,* 9 Allen, 173. *Wallin* v. *Smolensky,* 303 Mass. 39, 41. *MacDonald* v. *Gough,* 327 Mass. 739, 742.

petitioners at which Henry Price, Pearl Clayman, David Price and Rosalie Price were present and participated; and as a result of said conference this bill in equity was prepared and signed, and acceptance of service on the two respondents Henry and Pearl was signed by them respectively at the bottom of the petition itself before the petition was entered in Court."

The findings of the judge that Esther acted "in good faith, in the honest belief that she had all the rights of a widow" and that Henry entered into the compromise agreement with the full knowledge and consent of his brother and sisters establish, without further inquiry into the many issues raised by plaintiffs' counsel, Esther's rights under the agreement. While forbearance to pursue a claim known to be frivolous would not constitute good consideration, it need not appear, in retrospect, that there was a valid cause of action or even that the asserted ground was reasonable. *Blount* v. *Wheeler,* 199 Mass. 330, 336. *Mackin* v. *Dwyer,* 205 Mass. 472, 475. *Codman* v. *Dumaine,* 249 Mass. 451, 457–458. *Sherman* v. *Werby,* 280 Mass. 157, 160. *Higgins* v. *Gilchrist Co.* 301 Mass. 386, 390. At the time of the compromise Henry was fully apprised of all facts and, with the approval of David, Rosalie and Pearl, decided not to litigate the widow's claim. That he may have labored under a mistaken view of the parties' respective rights can be of no avail. *Mackin* v. *Dwyer, supra,* at 476. *Silver* v. *Graves,* 210 Mass. 26, 29–30.

> *Final decree entered May 6, 1963,
> affirmed, with double costs to
> Esther Price.*