Kern, Leila R., J.
The plaintiff, Angela Houle, brought this action to enforce a written contract entered into on May 28, 2002, by the three children of Vito Cannizzaro to divide his estate upon his death. The three children, Houle, Joseph and Nick A. Can-nizzaro, were the sole heirs at law of Vito Cannizzaro and the sole beneficiaries named in his will. Houle seeks a one-third share of the property in question, in addition to a ruling that Nick shall pay Houle $9,000.00 upon sale of the property. Houle and Joseph have reached settlement and have filed an agreement for judgment as between them.[2] The case was heard jury-waived on October 3, 2007. This court heard testimony from one witness, the plaintiff, and received six exhibits from her; the defendant rested on his cross-examination of Houle and legal arguments. Based on the weight of the credible evidence, this court makes the following relevant findings of fact and rulings of law.
FINDINGS OF FACT
Angela Houle, Nick and Joseph Cannizzaro are the children of Vito Cannizzaro. Their mother died in approximately 1997. Vito executed his will on October 6, 1999. The will provided that Houle would receive personal properly, while Joseph and Nick would receive (in equal shares) his real estate located at 22 Hobson Street, Leominster, MA (the property), and his financial assets. Vito died in March 2003.
A letter from Nick to Vito’s attorney, dated April 22, 2001, states in part that “when my father dies, my sister and I will contest my fathers [sic] will.” It further states that “all 3 kids should get to split the assets 3 ways . . .”[3]
On April 26, 2001, Vito deeded the property to Nick and Joseph as joint tenants, reserving a life estate for himself. Despite this, on April 7, 2002, Nick and Houle signed a handwritten document stating that all of Vito’s real estate and assets were to be equally distributed to Joseph, Nick and Houle.
On May 28, 2002, Joseph, Nick and Houle signed an agreement titled, “Declared Agreement Equal share division of the Vito Cannizzaro estate.” This agreement, which this court will consider to be valid as no evidence to rebut the signatures or testimony of Houle was presented, states in relevant part that “upon the death of Vito Cannizzaro, all estate both real and personal, all cash money, all bank accounts, [etc], all of said estate (whomsoever the names may reside, said names may be that of Joseph Cannizzaro, Nick Can-nizzaro, Vito Cannizzaro, Angela Houle), 22 Hobson Street, Leominster MA, quitclaim deeded to Joseph Cannizzaro and Nick Cannizzaro (current co-owners) . . . All mentioned above shall be divided in equal shares among the surviving children of Vito Can- *407 nizzaro . . .” [emphasis in original]. Additionally, the agreement provides that if the property is sold, Houle shall be paid $9,000.00 each, from Joseph and Nick.
There is also a document entitled “Quitclaim Deed,” signed by Nick and Houle on September 23, 2002. This document states that Joseph and Nick convey the property to Joseph, Nick, and Houle for the consideration of $1.00 and “other goods and valuable consideration.” There is a line for Joseph to sign but his signature does not appear there.
RULINGS OF LAW
The agreement entitled “Declared Agreement Equal Share division of the Vito Cannizzaro estate” is not a compromise of will agreement. General Laws Chapter 204, sections 15-18 contain a formal statutory scheme for the filing of will compromise agreements for approval by the probate court. These sections were not adhered to by the parties in this case. While true that “parties who are competent and of age may settle their claims without the aid of the statute simply by mutual agreement,” plaintiff has not provided any authority for allowing an agreement to be classified as a compromise of will agreement, when it was entered into before the death of a decedent and identification of the will. Richmond v. Wohlberg, 385 Mass. 290, 294 (1982). By its very nature, the compromise of a will can only occur after the death of the decedent and identification of the will. The statute itself provides insightful language, indicating that there must actually be a decedent before a compromise of will agreement may be entered into: “The supreme judicial court or the probate court may authorize the persons named as executors in an instrument purporting to be the last will of a person deceased, [to enter into a compromise of will agreement].” (Emphasis added.) G.L.c. 204, §15. The agreement between the parties was entered into well before Vito died. Therefore, this court will not characterize that agreement as a “compromise will agreement.”
The defendant argues that the agreement entitled “Declared Agreement Equal share division of the Vito Cannizzaro estate” was not supported by consideration because there was no mention of consideration in the agreement, and any potential will contest brought by Houle would have been groundless and therefore constitutes insufficient consideration. See Davis v. H.S. & M.W. Snyder, Inc., 252 Mass. 29 (1925). This court, in light of all the credible evidence, infers that there was sufficient consideration for the agreement: Houle received a one-third share in all of the property listed in the agreement, and $18,000.00 upon sale of the property, and in turn gave up her potential claim that Vito’s will and Vito’s actions were the product of incompetence/undue influence. This was not a groundless claim. See Miller v. Cotter, 448 Mass. 671, 684 n.16 (2007) (holding that consideration is satisfied if there is either “a benefit to the promisor or a detriment to the promisee”).
This conclusion is supported by inferences drawn from the undisputed credible evidence, including the letter from Nick to Vito’s attorney, dated April 22, 2001, indicating that Nick and Houle were planning on bringing a will contest with regard to Vito’s will. Furthermore, any cause of action Houle relinquished regarding incompetence/undue influence by Nick and/or Joseph does not need to have been a winning claim, it need not have even been a reasonable claim; the claim must have been known to be frivolous in order for this contract to be unsupported by consideration. Price v. Price, 348 Mass. 663, 668 (1965). Again, looking at Nick’s own letter and the other credible evidence, this court holds that Houle’s claim to contest her father’s will was not known to her to be frivolous at the time she entered into the agreement; therefore, it was sufficient consideration to support the agreement.
The document entitled “Declared Agreement Equal Share division of the Vito Cannizzaro estate” will be enforced, not as a will compromise agreement, but as a valid contract. The parties clearly agreed to the document; it was signed, and a notary public signed it also. The contract states that “upon the death of Vito Cannizzaro, all estate both real and personal, [etc.]” will be divided between Houle, Joseph, and Nick, in equal shares. The assets listed to be divided includes the property addressed 22 Hobson Street, Leominster, MA, and it is noted that the property was deeded to Joseph and Nick, who are the “current co-owners.” The contract also states that, upon the sale of that property, Nick shall give $9,000.00 from his share of the sale to Houle.
This court finds that this agreement is ambiguous, so this court will look to extrinsic evidence “in order to give a reasonable construction in light of the intentions of the parties at the time of formation of the contract.” President and Fellows of Harvard College v. PECO Energy Company, 57 Mass.App.Ct. 888, 895-96 (2003). The contract is ambiguous because it infers that the property will be part of Vito’s estate (which it was not because it had already been deeded to Nick and Joseph), but it lists the property as an asset that is to be divided between Houle, Joseph, and Nick. The letter from Nick to Vito’s attorney, dated April 22, 2001, indicates that at that time, Nick believed the best course of action would be to split Vito’s assets equally between himself, Joseph, and Houle. Next, on April 7, 2002, Nick and Houle signed a document stating iiiat all of Vito’s “real estate” and assets were to be equally distributed to Joseph, Nick, and Houle. The court finds that by “real estate,” they were referring to the properly. Additionally, the document entitled “Quitclaim Deed,” was signed by Nick and Houle on September 23, 2002. That document indicates that Nick and Houle did intend to divide the property equally between Joseph, Nick, and Houle.
*408 In light of the words of the contract and the other documents introduced into evidence, this court holds that the agreement entitled “Declared Agreement Equal share division of the Vito Cannizzaro estate,” upon Vito’s death, divided the property equally between Joseph, Nick, and Houle. See City of Haverhill v. George Brox, Inc., 47 Mass.App.Ct. 717, 720 (1999), citing Stop & Shop, Inc. v. Ganem, 347 Mass. 697, 701 (1964) (“Justice, common sense and the probable intention of the parties are guides to construction of a written instrument”).
ORDER
For the reasons discussed above, it is ORDERED that judgment enter for PLAINTIFF as follows: Defendant Nick Cannizzaro shall transfer one-third of his one-half interest in the property located at 22 Hobson Street, Leominster, MA to plaintiff Angela Houle. Article III of exhibit 4, entitled “Declared Agreement Equal share division of the Vito Cannizzaro estate” will remain in force as to defendant Nick Cannizzaro, so that if and when the properly is sold, Nick will give $9,000.00 of his share of the proceeds to plaintiff, in accordance with the terms of the agreement.

Pursuant to their Agreement for Judgment, among other things, Joseph was to transfer one-third of his one-half interest in the property in question to Houle.

Nhis court will consider all signatures contained in documents submitted to this court to be genuine, defendant having submitted no evidence to the contrary.