ETTA B. BONNEY *vs.* GERARD F. SLOWE.

Suffolk.   December 31, 1940. — February 24, 1941.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Evidence,* Of extent of injury.

Upon findings by an auditor in substance that all the pain which a plaintiff suffered after an accident in which he sustained injuries was caused thereby, and further evidence that a part at least of that pain was intercostal neuralgia, it was error to instruct the jury that there was no evidence that intercostal neuralgia "was caused by this accident."

TORT.   Writ in the Municipal Court of the City of Boston dated October 16, 1937.

On removal to the Superior Court, the action was tried before *Brown,* J.   There was a verdict for the plaintiff in the sum of $850, and the plaintiff alleged exceptions.

The case was submitted on briefs.

*J. F. Daly,* for the plaintiff.

*J. N. Clark,* for the defendant.

QUA, J.   In a collision between two automobiles the plaintiff sustained injuries for which the defendant admits his liability.   The principal question (upon which the plaintiff's rights appear by the record to have been duly saved) is whether the judge was in error in instructing the jury that there was no evidence that intercostal neuralgia "was caused by this accident."

There was evidence that the plaintiff's neck, back and side were wrenched in the accident; that after the accident she suffered from "nerve pain"; that she had pain from her back around her ribs; that she had pain in her chest; that at various times she complained of "girdling pain" in her left chest, beginning in the vertebra and "extending around," of "intercostal pain," and of pain in her right chest.   A physician who testified described the chest pain on certain of these occasions as "probably intercostal

neuralgia" and as "neuralgia." There was evidence that her case was diagnosed at a hospital as one of intercostal neuralgia; that the costal region is "anywhere within the chest"; that neuralgia "is literally pain in the nerves"; and that "intercostal neuralgia" means that there is some irritation "of the intercostal nerve in the intercostal spaces that follow the ribs around," which "might be at the root of the nerve at the spinal column" and could be caused by an automobile accident such as was described at the trial. An auditor found that the plaintiff's pain "has been due to some injury to her neck, back and chest received at the time of the collision of automobiles."

The instruction was erroneous. The jury could accept the finding of the auditor, which was in substance that all the pain from which the plaintiff suffered was caused by the accident, and could find from the evidence at the trial that a part at least of that pain was intercostal neuralgia. Hence there was evidence that intercostal neuralgia "was caused by this accident." The jury should have been allowed to consider pain falling within that description as an element of damage. The error was not corrected or rendered harmless by other portions of the charge but, on the contrary, was emphasized by repeated statements that the jury were not to consider that element.

It is unnecessary to decide other questions.

*Exceptions sustained.*