*Northern District*
No. 5018
**GEORGE M. ZACK**
v.
**EDWARD I. MILLER**
(May 15, 1957)

*Present:* GADSBY, P. J., ENO, BROOKS, JJ.

*Brooks, J.* Plaintiff sues defendant in tort for personal injury and property damage. Defendant pleaded general denial and contributory negligence.

According to the Report, both parties were operating their respective cars on Park Drive in Boston, plaintiff ahead of defendant. Defendant had attempted for a short period of time to pass plaintiff but without success. Finally he did so, then swerved directly into plaintiff's path and slammed on his brakes, with the result that plaintiff's car ran into the rear of defendant's car. The collision caused damage to the front of plaintiff's car and to the rear of defendant's car. This damage, plaintiff testified, amounted to $100. Following the collision defendant got out of his car, walked back to plaintiff's car and assaulted him.

The court found for defendant as follows: "Find as a fact that the injuries received by the plaintiff, Edward M. Zack, were a result of an assault and battery committed upon him by the defendant, Edward I. Miller, and not as a result of the operation of the motor vehicle by the said defendant."

Plaintiff had filed no Request for Rulings. On receipt of the finding, he filed a motion for a new trial on the following grounds:

1. The finding for the defendant is against the evidence;
2. The finding for the defendant is against the weight of the evidence;
3. The finding for the defendant is against the law.

At the hearing on the motion for a new trial, plaintiff duly filed the following Requests for Rulings:

> 1. There was no evidence at the trial that the plaintiff's motor vehicle was damaged as a result of the assault and battery committed by the defendant, Edward I. Miller;
> 2. The evidence warrants a finding that the plaintiff sustained injuries as a result of the motor vehicle collision;
> 3. Upon all the evidence there should have been a finding for the plaintiff for the reason that the plaintiff established negligence on the part of the defendant and there was no evidence of contributory negligence on the part of the plaintiff.

The court stated at the hearing on the motion for a new trial: "There was no evidence at the time that the plaintiff sustained any property damage to his motor vehicle." He denied the motion, refusing to pass on plaintiff's Requests for Rulings since they related to questions of law which might have been raised at the trial.

Plaintiff filed a draft report which the trial judge refused to sign. Thereupon on petition of plaintiff and after hearing, attended by both counsel, the Appellate Division established the Report now before this court. The Report contains all the evidence material to the question reported.

Plaintiff claims to be aggrieved by the court's denial of his motion for a new trial; by the court's refusal to pass on his Requests for Rulings numbered 1, 2 and 3 and by the court's ruling that there was

no evidence at the trial that the plaintiff sustained any property damage to his automobile and by the voluntary ruling that "Find as a fact that the injuries received by the plaintiff, Edward M. Zack, were a result of an assault and battery committed upon him by the defendant, Edward I. Miller, and not as a result of the operation of the motor vehicle by the said defendant."

The granting of a new trial lies in the sound discretion of the trial justice. *Kinnear v. General Mills, Inc.*, 308 Mass. 343, 348. *Bartley v. Phillips*, 317 Mass. 35, 41. *Statkus v. M.T.A.*, 335 Mass. 172. Unless the discretion is clearly unsound, the judge's disposition of a motion for a new trial will be sustained. *Bresnahan v. Proman*, 312 Mass. 97, 101.

In acting on the motion for a new trial, the trial judge may disregard Requests for Rulings which should have been raised at the trial. *Ryan v. Hickey*, 240 Mass. 46, 48. *C. v. Galvin*, 323 Mass. 205, 220. *C. v. Rodriguez*, 334 Mass. 703; *Haines Corp. v. Winthrop Square Cafe, Inc.*, 335 Mass. 152.

The issue is whether the court's disposition of the motion for a new trial was correct and whether, under the circumstances, plaintiff is entitled to relief. The evidence as to the nature of the accident is before us without contradiction. Defendant wilfully caused a collision of automobiles without, so far as appears, contributory negligence on the part of plaintiff. There was evidence that plaintiff suffered personal injury and property damage but the court found that plaintiff's injuries were not caused by the collision of cars but by the subsequent assault and battery by defendant on plaintiff.

The finding effectually disposes of plaintiff's claim for personal injury. However, on plaintiff's claim for property damage the court's finding is completely silent. Apparently the court overlooked this part of

the case. Later at the hearing on the motion for a new trial, the court stated that there was no evidence of property damage.

If the court did in fact forget to pass on the property damage claim and the matter was called to its attention at the subsequent hearing, it should either have granted the motion for a new trial or amplified its findings to cover the point. The court, for example, might have found that it disbelieved the evidence of property damage. Instead it denied the motion and stated that there was no evidence of property damage.

On the record as it stands without explanation other than that given at the hearing, the denial of the motion was not a sound exercise of discretion and therefore prejudicial error. The explanation given by the court, namely that there was no evidence of property damage, was contrary to the fact and therefore also prejudicial error. For an analogous situation see *Bresnick v. Heath,* 292 Mass. 293, where the trial court, without any findings of fact, denied a Request for Ruling that there was evidence to warrant a finding in favor of plaintiff. The Supreme Judicial Court held such a denial to be equivalent to a ruling of law that plaintiff was not entitled to recover, which was an erroneous ruling. In our case there was no Finding of Fact on the point at issue,— property damage, except as it was made orally at the hearing on the motion for a new trial and was contrary to the fact.

The court's finding and subsequent statement discloses a serious omission or at best a confusion which could not have been anticipated until after the finding. Failure to file Requests for Rulings at the trial under these circumstances differentiates this case from those cited above and from two cases relied on by defendant, — *Nerbonne v. New England* S. S. *Co.,* 218 Mass. 508. *McElwain v. Capotosto,* 332 Mass. 1. —and entitled plaintiff to raise the questions at issue

at the motion for a new trial. Requests Nos. 1 and 3 should have been granted. The motion for a new trial should have been granted.

Judgment is to be vacated and the case remanded for a new trial on the question of property damage.

A. Herbert Kahalas, for the plaintiff.

Badger, Pratt, Doyle & Badger, for the defendant.